## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**BRENDA J. COOPER; SYLVIA R. CAFFEY; MARGARET J. ODEMS; BERNICE B. RICHARDSON; DORA A. WARD; ROSIE BRADY; PEARL SELDON; BETTY PHILLIPS, PERSONAL REPRESENTATIVE AND DEVISEE OF HILDRED JOHNSON DECEASED; ALICE CRUMLEY, DEVISEE OF HILDRED JOHNSON; and SYLVIA CUNNINGHAM**,

**PLAINTIFFS**

**v.**      **CIVIL ACTION NO. 4:16-CV-52-DMB-JMV**

**MERITOR, INC.; ROCKWELL AUTOMATION, INC.; THE BOEING COMPANY; and TEXTRON, INC.**      **DEFENDANTS**

## ANSWER AND DEFENSES OF TEXTRON INC.

Defendant Textron Inc., (hereinafter "Textron"), by and through undersigned counsel, responds to the Amended Complaint filed in the above styled and numbered cause, as follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim against Textron upon which relief may be granted and must be dismissed.

### SECOND DEFENSE

The Amended Complaint failed to join all necessary, proper and indispensable parties pursuant to Rule Fed. R. Civ. P. 19, including, in particular, the current owner, operator, and/or RCRA and HSWA permit holder of Grenada Manufacturing.

### THIRD DEFENSE

Some or all plaintiffs may lack standing to bring this action.

202233.7

**FOURTH DEFENSE**

Plaintiffs' claims are barred because they have failed to exhaust all administrative remedies.

**FIFTH DEFENSE**

Plaintiffs' claims are barred because administrative, executive and/or regulatory bodies have exclusive and/or primary jurisdiction over all claims asserted herein, and Plaintiffs have failed to exhaust all administrative remedies.

**SIXTH DEFENSE**

Plaintiffs are misjoined under Fed. R. Civ. P. 20 and plaintiffs' claims should be severed prior to trial.

**SEVENTH DEFENSE**

Textron asserts the defenses of assumption of the risk, coming to the nuisance, prior nuisance, and any other related defenses arising out of the fact that some or all of plaintiffs purchased property adjacent to an industrial facility which had been in operation for decades.

**EIGHTH DEFENSE**

Textron asserts the defense of comparative negligence and/or contributory negligence to the extent that plaintiffs' own actions proximately caused the injuries claimed.

**NINTH DEFENSE**

Plaintiffs' claims are barred by the doctrine of laches, equitable estoppel, acquiescence, collateral estoppel, judicial estoppel and/or waiver.

**TENTH DEFENSE**

Plaintiffs' claims are barred by all applicable statutes of limitation and statutes of repose.

**ELEVENTH DEFENSE**

Because Textron only operated the business during a portion of time at issue in this action, and the facility was operated by others both before and after that time, Textron pleads all applicable provisions of Miss. Code Ann. § 85-5-7, including allocation of fault to third parties who are not joined in this action.

**TWELFTH DEFENSE**

Any damages awarded against Textron should be reduced by applicable law regarding set-off, limits of awards and recovery from collateral sources.

**THIRTEENTH DEFENSE**

Plaintiffs have suffered no damages from any alleged act or omission of Textron.

**FOURTEENTH DEFENSE**

At all times, Textron acted in accordance with the medical and industrial arts and the applicable standard of care as they existed at all pertinent times, in good faith, and without malice, and in accordance with all applicable laws, rules, regulations, permits and orders then existing, and took action at the direction of government authorities.

**FIFTEENTH DEFENSE**

If Plaintiffs have suffered any damages, the damages were caused, in whole or in part, by the acts or omissions of third parties and other superseding/intervening causes, for which Textron cannot be held responsible.

**SIXTEENTH DEFENSE**

Plaintiffs have not, and cannot, recover damages for emotional distress, "fear of illness," and "worry" because they have not met, and cannot meet, the applicable burden under Mississippi law.

**SEVENTEENTH DEFENSE**

Punitive damages are not recoverable for the causes of action set forth in the Amended Complaint, or, in the alternative, the allegations of each cause of action in the Amended Complaint are legally insufficient to support a claim for punitive or exemplary damages as to each cause of action, under Miss. Code Ann. § 11-1-65. Textron pleads all applicable provisions and limitations of Miss. Code Ann. § 11-1-65.

**EIGHTEENTH DEFENSE**

Plaintiffs are not permitted to recover punitive damages based on the allegations set forth in the Amended Complaint. The imposition of punitive damages in this case would violate the provisions of the Due Process Clause, Equal Protection Clause, Excess Fine Clause, and other clauses of the Constitution of the United States and the Constitution of the State of Mississippi, and the legal standards regarding the imposition of punitive damages are inadequate, vague and ambiguous, and violate Textron's rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Constitution of the State of Mississippi.

**NINETEENTH DEFENSE**

Plaintiff has failed to plead claims sufficient to satisfy 42 U.S.C. § 9658(a)(1).

**TWENTIETH DEFENSE**

Textron asserts all affirmative defenses that are or may become available to it (upon further investigation and/or discovery) under Fed. R. Civ. P. 8(c).

**TWENTY-FIRST DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of preemption.

## TWENTY-SECOND DEFENSE - ANSWER

In answer to the numbered paragraphs of the Plaintiffs' Amended Complaint, and without waiving any defenses, Textron responds as follows:

### INTRODUCTION

1. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 of the Amended Complaint.

2. Because Textron did not own or operate the business during the time alleged in paragraph 2, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 2 of the Amended Complaint.

3. Textron admits that Rockwell sold the business to Randall Wheel Trim, Inc. ("Randall") in 1985, that Randall was merged into Textron, Inc. (hereinafter Randall and Textron are collectively referred to as "Textron") in October, 1987, and that ownership of the business has changed many times over the years, but denies the remaining allegations contained in the first sentence of paragraph 3 of the Amended Complaint. Textron admits that Meritor continues to have certain responsibilities to monitor the plant, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3 of the Amended Complaint.

4. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 4 of the Amended Complaint regarding other Defendants. Regarding the allegations in the first sentence of paragraph 4 relating to Textron, Textron admits that under some exposure circumstances chronic exposure to hexavalent chromium and/or long-term exposure to TCE may present health and/or environmental risks, but denies any and all remaining allegations contained in the first sentence. Textron denies that it committed the acts described in the second and third sentences of paragraph 4 of the Amended

Complaint, but is without knowledge or information sufficient to form a belief about the truth of the allegations as to other parties. The remaining allegations in paragraph 4 are denied.

## PARTIES

5. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Amended Complaint.

6. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Amended Complaint.

7. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 of the Amended Complaint.

8. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 of the Amended Complaint.

9. Textron admits the allegations in the first five sentences of paragraph 9 of the Amended Complaint. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations of the last sentence of paragraph 9.

## JURISDICTION AND VENUE

10. The allegations of paragraph 10 are admitted.

11. The allegations of paragraph 11 are admitted.

## FACTS

12. Because Textron did not own or operate the business during the time alleged in paragraph 12, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 of the Amended Complaint.

13. Because Textron did not own or operate the business when it was established, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 of the Amended Complaint.

14.     Because Textron did not own or operate the business during the time alleged in paragraph 14, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14 of the Amended Complaint.

15.     Because Textron did not own or operate the business during the time alleged in paragraph 15, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15 of the Amended Complaint.

16.     Because Textron did not own or operate the business during the time alleged in paragraph 16, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16 of the Amended Complaint.

17.     Because Textron did not own or operate the business during the time alleged in paragraph 17, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17 of the Amended Complaint.

18.     Because Textron did not own or operate the business during the time alleged in paragraph 18, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18 of the Amended Complaint.

19.     Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 of the Amended Complaint regarding other Defendants.  The allegations in paragraph 19 relating to Textron are denied.

20.     Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 of the Amended Complaint regarding other Defendants.  The allegations in paragraph 20 relating to Textron are denied.

21. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 of the Amended Complaint regarding other Defendants. The allegations in paragraph 22 relating to Textron are denied.

23. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 of the Amended Complaint regarding other Defendants. The allegations in paragraph 23 relating to Textron are denied.

24. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 of the Amended Complaint.

25. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 of the Amended Complaint.

26. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26 of the Amended Complaint regarding other Defendants. The allegations in paragraph 26 relating to Textron are denied.

27. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to

form a belief about the truth of the allegations in paragraph 27 of the Amended Complaint regarding other Defendants. The allegations in paragraph 27 relating to Textron are denied.

28. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 of the Amended Complaint.

29. Textron admits that under some exposure circumstances long-term exposure to TCE can have adverse effects on humans, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 29 of the Amended Complaint.

30. Textron admits that under some exposure circumstances vinyl chloride results from degradation of TCE, but is without knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 30 of the Amended Complaint.

31. Textron admits that under some exposure circumstances chronic exposure to hexavalent chromium can result in harm to humans, but is without knowledge or information to form a belief about the truth of the remaining allegations in paragraph 31 of the Amended Complaint.

32. Textron admits that under some exposure circumstances long-term exposure to TCE can result in harm to humans, but is without knowledge or information to form a belief about the truth of the remaining allegations in paragraph 32 of the Amended Complaint.

33. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 of the Amended Complaint regarding other Defendants. The allegations in paragraph 33 relating to Textron are denied.

34. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 of the Amended Complaint.

35. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Amended Complaint.

36. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 of the Amended Complaint.

37. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 of the Amended Complaint.

38. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 of the Amended Complaint.

39. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39 of the Amended Complaint.

40. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 of the Amended Complaint.

41. Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 of the Amended Complaint.

## CAUSES OF ACTION

### COUNT I – FRAUD AND FRAUDULENT CONCEALMENT

42. Textron adopts by reference its responses to the previous paragraphs.

43. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Amended Complaint regarding other Defendants. The allegations in paragraph 43 relating to Textron are denied.

44. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44 of the Amended Complaint regarding other Defendants. The allegations in paragraph 44 relating to Textron are denied.

45. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 of the Amended Complaint regarding other Defendants. The allegations in paragraph 45 relating to Textron are denied.

46. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 of the Amended Complaint regarding other Defendants. The allegations in paragraph 46 relating to Textron are denied.

47. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 of the Amended Complaint regarding other Defendants. The allegations in paragraph 47 relating to Textron are denied.

48. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48 of the Amended Complaint regarding other Defendants. The allegations in paragraph 48 relating to Textron are denied.

49. The allegations in paragraph 49 of the Amended Complaint are denied.

## COUNT II: CIVIL CONSPIRACY

50. Textron adopts by reference its responses to the previous paragraphs.

51. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 of the Amended Complaint regarding other Defendants. The allegations in paragraph 51 relating to Textron are denied.

52. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 of the Amended Complaint regarding other Defendants. The allegations in paragraph 52 relating to Textron are denied.

53. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 53 of the Amended Complaint regarding other Defendants. The allegations in paragraph 53 relating to Textron are denied.

54. The allegations in paragraph 54 of the Amended Complaint are denied.

## COUNT III: NEGLIGENCE

Textron adopts by reference its responses to the previous paragraphs.

55. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 of the Amended Complaint regarding other Defendants. The allegations in paragraph 55 relating to Textron are denied.

56. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 of the Amended Complaint regarding other Defendants. The allegations in paragraph 56 relating to Textron are denied.

57. The allegations in paragraph 57 of the Amended Complaint are denied.

58. The allegations in paragraph 58 of the Amended Complaint are denied.

59. The allegations in paragraph 59 of the Amended Complaint are denied.

## COUNT IV: NUISANCE

60. Textron adopts by references its responses to the previous paragraphs.

61. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 of the Amended Complaint regarding other Defendants. The allegations in paragraph 61 relating to Textron are denied.

62. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62 of the Amended Complaint regarding other Defendants. The allegations in paragraph 62 relating to Textron are denied.

## COUNT V: TRESPASS

63. Textron adopts by references its responses to the previous paragraphs.

64. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 of the Amended Complaint regarding other Defendants. The allegations in paragraph 64 relating to Textron are denied.

65. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 of the Amended Complaint regarding other Defendants. The allegations in paragraph 65 relating to Textron are denied.

66. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to

form a belief about the truth of the allegations in paragraph 66 of the Amended Complaint regarding other Defendants. The remaining allegations in paragraph 66 relating to Textron are denied.

67. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 67 of the Amended Complaint regarding other Defendants. The remaining allegations in paragraph 67 are denied.

68. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 of the Amended Complaint regarding other Defendants. The allegations in paragraph 68 relating to Textron are denied.

### COUNT VI: INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

69. Textron adopts by references its responses to the previous paragraphs.

70. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 70 of the Amended Complaint regarding other Defendants. The allegations in paragraph 70 relating to Textron are denied.

71. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 71 of the Amended Complaint regarding other Defendants. The allegations in paragraph 71 relating to Textron are denied.

72. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to

form a belief about the truth of the allegations in paragraph 72 of the Amended Complaint regarding other Defendants. The allegations in paragraph 72 relating to Textron are denied.

73. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 73 of the Amended Complaint regarding other Defendants. The allegations in paragraph 73 relating to Textron are denied.

74. Because Textron only operated the business from 1985 until 1998, and it was operated by others before and after, Textron is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 74 of the Amended Complaint regarding other Defendants. The allegations in paragraph 74 relating to Textron are denied.

## CERCLA SAVINGS PROVISION

75. Paragraph 75 is principally a legal assertion to which no response is required. To the extent that a response is required, the allegations in paragraph 75 are denied.

## LEGAL RELIEF REQUESTED

76. Textron denies the allegations in paragraph 76 of the Amended Complaint.

## DAMAGES

77. Textron denies the allegations in paragraph 77 of the Amended Complaint.

78. Textron denies the allegations in paragraph 78 of the Amended Complaint.

Textron denies the allegations in the unnumbered paragraph following paragraph 78 and the heading "AD DAMNUM," and denies that Plaintiffs are entitled to any recovery whatsoever from Textron.

WHEREFORE, Textron respectfully requests that Plaintiffs' Amended Complaint be dismissed with prejudice, with costs assessed against Plaintiffs.

Respectfully submitted, this 20th day of July, 2016.

              TEXTRON INC.

            BY: BALCH & BINGHAM LLP


            BY: /s/ William L. Smith
               Of Counsel

William L. Smith (7635)
Walter H. Boone (8651)
Lucien Smith (102852)
Balch & Bingham LLP
188 East Capitol Street
Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466

## **CERTIFICATE OF SERVICE**

I, the undersigned counsel, do hereby certify that I have this day sent to all parties of record via the Court's Electronic Case Filing System a true and correct copy of the above and foregoing document.

This the 20th day of July, 2016.

                                                    /s/ William L. Smith
                                                    Of Counsel