UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

COOPER, et al.            **PLAINTIFFS**

VS.            **CIVIL ACTION NO. 4:16-cv-52-DMB-JMV**

           **DEFENDANTS**

MERITOR, INC., et al.

## CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:**      <u>30 days</u>

    **ESTIMATED TOTAL NUMBER OF WITNESSES:**      <u>40 – 50</u>

    **EXPERT TESTIMONY EXPECTED:** Yes      **No. of Experts:**      <u>10</u>

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

    At the time this Case Management Order is offered, alternative dispute resolution techniques do not appear appropriate in these civil actions.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

    The parties do not consent to trial by the United States Magistrate Judge.

4. **DISCLOSURE.**

    The parties will substantially complete Rule 26(a)(1)(A) Initial Disclosures by 8/29/16. The parties will, as promptly as possible, supplement their disclosures thereafter.

5. **MOTIONS; ISSUE BIFURCATION.**

    Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42 (b) will assist in the prompt resolution of this action. Defendants intend to move for severance for each household for separate trials because the emotional distress claims and each household's claimed

property damage is individualized and cannot be combined with other plaintiffs. Plaintiffs do not agree that the severance proposed by Defendants is necessary or that it will assist in the prompt resolution of this action. Plaintiffs are properly joined under Fed.R.Civ.P. 20(a)(1), and all plaintiffs' claims for property damages and emotional distress differ only in their respective value. Further, because there are core witnesses (perhaps dozens) whose testimony must be presented at each trial, plaintiffs submit that the proposed severance will not appreciably lessen the length of trial and will unduly waste the resources of the Court and parties (*e.g.*, ten trials instead of a single trial in the *Cooper* action alone).

Pursuant to the procedure provided in *Miss. Code Ann.* § 11-1-65, the parties agree that punitive damages shall be bifurcated from compensatory damages.

Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

6. **DISCOVERY PROVISIONS AND LIMITATIONS.**

    A. Interrogatories are limited to __30__ succinct questions.

    B. Requests for Production are limited to __30__ succinct questions.

    C. Requests for Admissions are limited to __30__ succinct questions.

    D. Depositions are limited to the parties, experts, and no more than __30__ fact witness depositions per party without additional approval of the Court.

**Note:** *The parties are working to develop one master discovery requests from defendants that would be applicable to all plaintiffs. This master discovery would reduce the amount of discovery requests necessary. Correspondingly, plaintiffs would avoid sending 300 separate interrogatories to defendants (i.e., 10 plaintiffs \* 30 interrogatories). They will send only one master set to each defendant. As to fact depositions, defendants have only begun discovery of the identities of former employees and do not yet know how many are living, remain available, etc. Plaintiffs' counsel believe that they may have 20 to 30 fact witnesses from whom they might seek testimony, in addition to their own clients.*

   E. The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows:

   Defendants Meritor, Inc., Rockwell Automation, Inc. and Textron, Inc., are in possession of potentially relevant ESI in the form of e-mails and documents (Word, Excel, PowerPoint, etc.) stored on servers, computers and other electronic storage devices. Defendants have issued records hold notices to preserve all potentially relevant documents, as well as halted all rotation of back-up tapes containing data from identified custodians. The parties agree that ESI will be produced in searchable PDFs.
   Back-up tapes containing older data may have been deleted or over-written based on the standard rotation practices of the defendants' IT departments before litigation was reasonably anticipated. Defendants are investigating the extent to which such data may still exist.

   Plaintiffs are in possession of testing data in Excel format. This ESI will be produced in Excel format. All other ESI will be produced in searchable PDFs.

F. The court imposes the following further discovery provision or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court.

☑ 2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☑ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☑ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

☐ 5. Other:

Additional Provisions:

Related to item 2 above, the parties are preparing a proposed protective order, including, without limitation, a "clawback provision" related to the inadvertent production of privileged or protected information, to facilitate discovery.

## 7. SCHEDULING DEADLINES

A. **Trial.** This action is set for JURY TRIAL

beginning on: __June 4, 2018__, at __9:45__, __am__, in __Greenville__, Mississippi,

before United States Judge __Debra M. Brown__.

ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECIEPT OF THIS CASE MANAGEMENT ORDER.

B. **Pretrial.** The pretrial conference is set on: __May 8, 2018__ at __10:00__, __am__,

In __Greenville__, Mississippi, before United States Magistrate Judge __Jane M. Virden__.

C. **Discovery.** All discovery must be completed by: __11/29/17__.

D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be

filed by: __10/20/16__.

E. **Experts.** The parties' experts must be designated by the following dates:

1. Plaintiff(s): _____4/28/17_____.
2. Defendant(s): _____7/28/17_____.

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: __12/29/17__ . The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

   If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC)_____, the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3)*.

**SO ORDERED:**

8/19/2016                                                      s/Jane M. Virden
DATE                                                       UNITED STATES MAGISTRATE JUDGE

31542692v2