# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| BRENDA J. COOPER, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16-cv-52-DMB-JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |

*- Consolidated With –*

| | |
|---|---|
| JOE E. SLEDGE, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16-cv-53-DMB- JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |

*- and -*

| | |
|---|---|
| KATHERINE LONGSTREET COOKE, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16-cv-54-DMB-JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |

*- and -*

| | |
|---|---|
| SRA INVESTMENTS, LLC, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16-cv-55-DMB-JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |

*- and -*

| | |
|---|---|
| FELICIA WILLIS, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16-cv-56-DMB-JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |

## **ORDER**

This matter is before the court in these consolidated cases on the Environmental Protection Agency's ("EPA") motion to quash three deposition subpoenas issued by the plaintiffs to certain EPA employees. For the reasons discussed by the EPA (a non-party to this action) in its briefing in support of the motion and the reasons discussed below, the motion to quash is GRANTED.

According to plaintiffs and the movant here, the EPA, the issue for the court is whether the EPA's decision that it is not clearly in its interests to permit its employees to testify in response to the aforementioned subpoenas is arbitrary and capricious.[1]

A decision is arbitrary and capricious where it has no substantial relationship to a legitimate government interest. *See Greene v. Texas Comm'n For The Blind*, No. 95-20081, 1995 WL 783377, at *1 (5th Cir. Dec. 6, 1995). The standard is highly deferential to the governmental agency. *Bobreski v.U.S. E.P.A.*, 284 F. Supp. 2d 67, 73 (D. D.C. 2003); *see also, Louisiana Dep't of Transportation & Dev. v. United States Dep't of Transportation*, 2015 WL 7313876, at *3-4 (W.D. La. Nov. 20, 2015).

In the instant case, the plaintiffs themselves note that the EPA's decision not to permit its employees to testify as subpoenaed is based on the relevant *Touhy*[2] factors and further that that consideration alone supports the decision's lack of arbitrariness or capriciousness. In short, though the plaintiffs explain that they desire to take the EPA employees' depositions primarily (as appears from the briefing) to discover the deliberative processes employed by the EPA in its decision-making so that they can stop "harbor[ing] doubts regarding the trustworthiness of the[] government's acts" the movants have wholly failed to establish either that the reasons articulated by the EPA in opposition are arbitrary or capricious or that the areas of inquiry generally described by them, are even relevant and necessary to any claim they have asserted in this case.

---

[1] Because plaintiffs and the EPA all assert the same applicable legal standard, the court will adopt the same without undertaking an independent legal review

[2] *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-69 (1951).

In conclusion, while this court will not rubberstamp an agency determination that its employees may not testify in a case such as this, the party seeking such testimony must, at a minimum, clearly and with specificity identify the areas of inquiry; explain why the information sought is not otherwise and/or already available to it; to the extent the information sought is other than factual (such as questions about deliberative processes), be prepared to explain why such information is discoverable in the face of asserted privilege or other protective claims; and articulate a basis for concluding that the decision of the agency not to permit the deposition(s) is arbitrary and capricious when examined in light of the established relevant factors to be considered.

ORDERED this the 14th day of August, 2017.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE