# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**BRENDA J. COOPER, ET AL.**                                                        **PLAINTIFFS**

**VS.**                                      **CIVIL ACTION NO. 4:16-CV-52-DMB-JMV**

**MERITOR, INC., ET AL.**                                                        **DEFENDANTS**

*CONSOLIDATED WITH*

**JOE E. SLEDGE, ET AL.**                                                 **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO. 4:16-CV-53-DMB-JMV**

**MERITOR, INC., ET AL.**                        **DEFENDANTS**

*AND*

**KATHERINE LONGSTREET COOKE, ET AL.**      **PLAINTIFFS**

**VS.**          **CIVIL ACTION NO. 4:16-CV-54-DMB-JMV**

**MERITOR, INC., ET AL.**      **DEFENDANTS**

*AND*

**SRA INVESTMENTS, LLC, ET AL.**      **PLAINTIFFS**

**VS.**      **CIVIL ACTION NO. 4:16-CV-55-DMB-JMV**

**MERITOR, INC., ET AL.**      **DEFENDANTS**

*AND*

**FELICIA WILLIS, ET AL.**      **PLAINTIFFS**

**VS.**      **CIVIL ACTION NO. 4:16-CV-56-DMB-JMV**

**MERITOR, INC., ET AL.**      **DEFENDANTS**

**ORDER**

This matter is before the court on the [439] joint motion of defendants to strike the [405] supplemental report of plaintiffs' expert James Fineis. For the reasons discussed below, the motion will be GRANTED.

*Law and Analysis*

In addition to the authorities cited by the defendants, the court notes generally the following: "Courts have routinely rejected untimely 'supplemental' expert testimony where the opinions are based on information available prior to the missed deadline for service of initial disclosures." *Buxton v. Lil' Drug Store Prods. Inc.,* No. 2:02CV178, 2007 WL 2254492, at *5 (S.D.Miss. Aug.1, 2007), *affd,* 294 Fed. Appx. 92 (5th Cir.2008) (citing *Sierra Club,* 73 F.3d at 571) (additional citations omitted); *see also Akeva L.L.C. v. Mizuno Corp.,* 212 F.R.D. 306, 310 (M.D.N.C.2002) ("[Rule 26(e)] does not cover failures of omission because the expert did an inadequate or incomplete preparation."). Furthermore, expert opinions should be disclosed before, and not at expert depositions. *See Booker v. Moore,* No. 5:08cv309, 2010 WL 2426013, at *2 (S.D.Miss. June 10, 2010) ("'The purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert will testify...'") (quoting *Ciomber v. Coop. Plus, Inc.,* 527 F.3d 635, 642 (7th Cir.2008)).

Judged against the backdrop of this and like controlling law in this circuit, the undersigned finds the purported supplemental opinion should be stricken because it contains, on its face, opinions markedly different from those set forth in the original, timely designation, and it comes long after the passage of the expert designation deadline.

Most notably, the prior opinion addressed the existence of "vapor intrusion pathways"[1] while the new opinion is not limited to such pathways; it addresses "pathways" generally.[2] One likely reason for this change is that, concerning indoor air quality, the original report provided, at least in part, that because indoor air sampling found the presence of one or more compounds for a large percentage of the homes sampled, "this indicated the vapor intrusion pathway is complete for large number of the home sampled."[3] However, at the expert's deposition, he conceded he did not know if a vapor intrusion pathway was complete in homes where the indoor air sampling was conducted, and revealed compounds, if no corresponding sub slab sampling was taken—which was the case with respect to some number of the homes.

*Conclusion*

In short, in the undersigned's view, the diversion from opinions about the existence of "vapor intrusion pathways," specifically, to opinions about the existence of "pathways" generally, is a material change. Moreover, this change comes too late and, if allowed, would prejudice the defendants, because: defendants would not have an opportunity to depose the witness on this expanded opinion; there is no opportunity to cure at this late date; nor has any justifiable excuse

---

[1] *See, e..g.,* "Sub-slab Samples: … The results of the limited sub-slab sampling that has occurred indicate the vapor intrusion pathway is complete for the homes sampled…. Indoor Air: The results of the indoor air sampling that has occurred indicate the vapor intrusion pathway is complete for large percentage of the homes sampled… Conclusions: Based on the evaluation of 119 samples… collected during the initial phase of the investigation of Eastern Heights neighborhood, the vapor intrusion pathway from groundwater or soil gas is complete for all 19 homes tested. The vapor intrusion pathway with regards to soil gas contamination is complete for all 50 properties tested." Doc #440-1, Exhibit A- Evaluation of Vapor Intrusion Conditions Eastern Heights Neighborhood Grenada, Mississippi 38901 at 10-12.

[2] *See, e.g.,* "Conclusions: … Specifically looking at the soil vapor samples... A pathway for these non-naturally occurring chemicals to be in the soil vapor on these properties is complete. Specifically looking at the sub-slab samples collected… A pathway for these nonnaturally occurring chemicals to be in the sub-slab in these houses is complete. Specifically looking at the indoor air samples collected... A pathway for these non-naturally occurring chemicals to be in the indoor air in these houses is complete." Doc# 440-4, Exhibit D – Supplemental Report to the April 2017 Report Titled "Evaluation of Vapor Intrusion Conditions Eastern Heights Neighborhood Grenada, Mississippi 38901" at 9.

[3] Doc #440-1, Exhibit A- Evaluation of Vapor Intrusion Conditions Eastern Heights Neighborhood Grenada, Mississippi 38901 at 12.

been offered for this change. Indeed, as defendants' counsel points out, this change is not based on data not heretofore available to the expert.

For all of the foregoing reasons, the purported supplemental opinion is STRICKEN.

SO ORDERED this, Thursday, December 28, 2017.

/s/ Jane M. Virden  
**UNITED STATES MAGISTRATE JUDGE**
