IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRENDA J. COOPER, ET AL.**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 4:16-CV-52-DMB-JMV**

**MERITOR, INC., ET AL.**     **DEFENDANTS**

*Consolidated With*

**JOE E. SLEDGE, ET AL.**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 4:16-CV-53-DMB-JMV**

**MERITOR, INC., ET AL.**     **DEFENDANTS**

*AND*

**KATHERINE LONGSTREET COOKE, ET AL.**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 4:16-CV-54-DMB-JMV**

**MERITOR, INC., ET AL.**     **DEFENDANTS**

*AND*

**SRA INVESTMENTS, LLC, ET AL.**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 4:16-CV-55-DMB-JMV**

**MERITOR, INC., ET AL.**     **DEFENDANTS**

*AND*

**FELICIA WILLIS, ET AL.**     **PLAINTIFFS**

**VS.**     **CIVIL ACTION NO. 4:16-CV-56-DMB-JMV**

**MERITOR, INC., ET AL.**     **DEFENDANTS**

**ORDER**

This matter is before the court on the motion of Plaintiffs to strike the expert designation of Meritor Inc., Rockwell Automation Inc. and the Boeing Company (hereinafter "Meritor") of John Ellis as a non-retained, testifying expert under Fed. R. Civ. P. 26(a)(2)(C). The motion is opposed, and the matter is ripe for decision.

In support of their motion, the Plaintiffs argue that Ellis is a specially-retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(B) from whom a Fed. R. Civ. P. 26(a)(2)(B) report was required, but not provided. The Plaintiffs also argue that even if Ellis is more properly designated as a Fed. R. Civ. P. 26(a)(2)(C) expert, from whom no such report is required, the designation nevertheless fails to provide a summary of the opinions and facts upon which Ellis is expected to testify, as is required of non-specially retained/non-reporting experts. Finally, the Plaintiffs assert that the insufficient expert designation is unjustified and prejudicial to Plaintiffs.

For the reasons that follow, the court finds that Ellis is properly classified as a non-retained expert in this matter. Further, although, his designation is not in compliance with the requirements of Fed. R. Civ. P. 26(a)(2)(C), under the circumstances, the lack of compliance is harmless to the extent Ellis' opinions and factual bases are, in fact, summarized in the narrative portions of The Vapor Intrusion Assessment Report dated June 1, 2016. Doc. # 501-2.

I.   The Ellis Expert Designation

Meritor's expert designation deadline was August 18, 2017. Discovery, after at least one extension, expired (with a few discrete exceptions not relevant here) on November 29, 2017. Meritor's August 18, 2017 designation of the Ellis reads, in full, as follows:

> Defendants designate and disclose the following non-retained experts, pursuant to Rule 26(a)(2)(C) in each of the above-styled cases:
>
> John Ellis, PG

> Associate Vice President, Principal Geologist
> Arcadis, U.S., Inc.
> 10352 Plaza Americana Drive
> Baton Rouge, LA 70817
>
> The general nature of the subject matter upon which Mr. Ellis will testify concerns Arcadis' environmental assessment performed in the Eastern Heights Neighborhood and the report, including all opinions, analysis and data therein, attached as Exhibit G. The subject report upon which Mr. Ellis will rely and testify includes sampling and analysis for indoor air, ambient air, subslab air, soil and groundwater in the Eastern Heights Neighborhood. Mr. Ellis' hour rate for expert testimony is $180.

Doc. #501-1.

Exhibit G reads, in full, as follows: "1. vapor intrusion assessment report MTOR-EPA-0001164-0003864." *Id.*

II. The Vapor Intrusion Assessment Report

Meritor represents—and the plaintiffs have not demonstrated otherwise—that The Vapor Intrusion Assessment Report was prepared by Ellis and other employees of Arcadis to satisfy a 2015 EPA requirement that the work be done as part of the ongoing remediation effort at and around the Grenada facility. The report was finalized on June 1, 2016 and submitted to the EPA just after the filing of the instant litigation on March 16, 2016.

The Vapor Intrusion Assessment Report (exhibit G) is comprised of 2,701 pages of text, charts and data. Meritor describes the content of The Vapor Intrusion Assessment Report in its opposition to Plaintiff's motion to strike as follows:

| **VI Assessment Report** | **25 pages of narrative** |
|---|---|
| Tables | 45 pages |
| Figures | 4 pages |

| Appendix A (EPA correspondence) | 16 pages |
| --- | --- |
| Appendix B (T&M groundwater Analytical results 2012-2014) | 2 pages |
| Appendix C (Soil Gas Boring and Construction Logs) | 18 pages |
| Appendix D (Meteorological Data) | 8 pages |
| Appendix E (Lab Analytical Data Reports; CD placeholder) | 1 page |
| Appendix F (Indoor Air Building and Sampling Surveys) | 50 pages |
| Appendix G (VAP Sample/Core Logs) | 22 pages |
| **Appendix F (Data Validation Reports)** | **2,458 pages** |

Doc. #518 at 8 (emphasis in original)

III. Analysis:

A. *Ellis is a Fed. R. Civ. P. 26(a)(2)(C) Expert, Rather Than a Specially-Retained, Reporting Expert Pursuant to Fed.R.Civ.P.26(a)(2)(B).*

"The distinction between retained and non-retained experts should be interpreted in a common sense manner." *DiSalvatore v. Foretravel, Inc.*, No. 9:14-CV-00150-KFG, 2016 WL 7742996, at *2 (E.D. Tex. May 20, 2016) (citations omitted). "A retained expert witness is an expert who, without prior knowledge of the facts giving rise to litigation, is recruited to provide expert opinion testimony." *Id.* A witness is "specially employed" under Rule 26(a)(2)(B) when "he has no personal involvement in facts giving rise to the litigation, but is engaged to provide opinion testimony, regardless of whether he is compensated or simply volunteers." *Tolan v. Cotton*, No. CIV.A. H-09-1324, 2015 WL 5332171, at *1 (S.D. Tex. Sept. 14, 2015).

Further, "Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness."

*LaShip, L.L.C. v. Hayward Baker, Inc.*, No. 15-30816, 2017 WL 829503, at *6 (5th Cir. Mar. 1, 2017). A non-retained expert's testimony under Rule 26(a)(2)(C) "arises not from his enlistment as an expert, but, rather, from his ground-level involvement in the events giving rise to the litigation." *DiSalvatore*, 2016 WL 7742996 at 2; *See also Eagle Oil*, No. 7:12-CV-00133-O, 2014 WL 3744976, at *8 (N.D. Tex. July 30, 2014) (holding that an expert should have been designated as a retained expert required to submit a written report because the expert was not a healthcare professional, an employee of a party, or individual with first-hand knowledge of the issues in the litigation); *Diamond Consortium, Inc. v. Manookian*, No. 4:16-CV-00094, 2017 WL 2936218, at *2 (E.D. Tex. July 10, 2017).

In the instant case, the court is persuaded that Ellis's work as an employee of Arcadis on behalf of Meritor was, in so far as it concerned the vapor intrusion assessment begun in 2015 and completed in 2016 by Ellis in response to an EPA mandate, performed as a Fed. R. Civ. P. 26(a)(2)(C) expert. This work was not initiated to formulate opinions for a trial of the then yet-to-be-filed civil suit by homeowners of the Eastern Heights subdivision.

In short, as Meritor argues, it appears on the record before the court that The Vapor Intrusion Assessment Report reflects work that would have occurred had the instant litigation never been filed. As such, Ellis who was engaged to perform the work was not specially-retained for litigation.[1]

---

[1] Plaintiffs correctly point out that in connection with Meritor's claim of privilege, pursuant to Fed. R. Civ. P. 26(b)(4)(C), over documents pertaining to another of Meritor's testifying experts, Jim Peeples, Meritor took a contrary position, arguing there, that reports generated for submission to the EPA *are* Fed. R. Civ. P. 26(a)(2)(B) reports, of the kind that are required of specially retained experts. Meritor has demonstrated a proclivity for such inconsistent positions. For example, it designated Jim Peeples as both a specifically retained expert and as a non-specifically retained /non reporting expert on the very same matters. *See,* Meritor's August 18, 2017 expert designation of Jim Peeples at Doc. #509-1 at 3.

B. *The Expert Designation of Ellis Does Not Comply with Fed. R. Civ. P. 26(a)(2)(C).*

Meritor's designation of Ellis does not itself purport to provide either a summary of the opinions or of the facts on which Ellis is expected to testify as is required pursuant to Fed. R. Civ. P. 26(a)(2)(C). Instead, the designation references The Vapor Intrusion Assessment Report dated June 1, 2016, a report totaling over 2,700 pages. And, while Meritor has carefully segregated the pages of that report in a chart, it did not undertake to do so upon disclosure of Ellis or before the expiration of the discovery deadline.

In short, the wholesale reference to such a voluminous report does not suffice as a Fed. R. Civ. P. 26(a)(2)(C) summary of opinions or facts as to which the expert will testify. *See e.g. Motio, Inc. v. BSP Software LLC*, 2016 WL 74425, at *2 (E.D.Tex. Jan. 6, 2016). Nor may a party refer to other documents, even deposition testimony, as a substitute for the summary required by Rule 26. *Tolan v. Cotton*, No. H-09-1324, 2015 U.S. Dist. LEXIS 121717, at *15 (S.D. Tex. Sep. 14, 2015)("[I]t does not suffice to reference large bodies of material sources of facts without stating a brief account of the main points from those large bodies on which the expert relies."); *SEC v. Nutmeg Grp., LLC*, No. 09 C 1775, 2017 U.S. Dist. LEXIS 180405, at *16 (N.D. Ill. Oct. 31, 2017) ( "A party cannot comply with 26(a)(2)(C) by dumping a large volume of documents on an opposing party and leaving it to try to guess what a witness will say about the information contained in the documents… the Rule requires the summary of fact to be in the disclosure, not merely contained within materials turned over in discovery.")

C. *The Failure to Comply With Fed. R. Civ. P. 26(a)(2)(C) is Unjustified but Harmless.*

"The purpose of Fed. R. Civ. P. 26(a)(2)(C) is to provide opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Jones v. Lanter Delivery Sys.*, No. 3:15CV135-MPM-SAA, 2016 U.S.

Dist. LEXIS 77259, at *3 (N.D. Miss. June 14, 2016). Further, in addition to the requirements imposed by the Federal Rules, Local Uniform Civil Rule 26(a)(2) dictates that a "party must make full and complete [expert] disclosure as required by Fed.R.Civ.P.26(a)(2) and L.U.Civ.R.26(a)(2)(D) no later than the time specified in the case management order… Absent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting the introduction of that evidence at trial." *Id.* ( quoting L.U.Civ.R. 26(a)(2)). "An attempt to designate an expert without providing full disclosure information…will not be considered a timely expert designation and may be stricken upon proper motion or *sua sponte* by the court." *Id.* Even Further, Fed. R. Civ. P. 37(c)(1) provides for the exclusion of any information not provided as required by Rule 26(a), and its penalties are "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Hill v. Koppers Indus.*, No. 3:03CV60-P-D, 2009 U.S. Dist. LEXIS 98798, at *38 (N.D. Miss. Sep. 30, 2009).

Where, as here, the requirements of Fed. R. Civ. P. 26(a) have not been met, the Fifth Circuit has established four factors the court must consider in reviewing a motion to strike a witness pursuant to Fed. R. Civ. P. 37(c)(1): (1) the importance of the witness' testimony; (2) the prejudice to the opposing party of allowing the testimony; (3) the possibility of curing the prejudice by a continuance; and (4) the explanation for the party's failure to comply with the discovery order. *Robinson v. Nationwide Mut. Fire Ins. Co.*, No. 4:11-cv-103-M-V, 2012 U.S. Dist. LEXIS 164966, at *3 (N.D. Miss. Nov. 19, 2012).

Meritor offers no justification for its failure to provide a disclosure, as mandated by Fed. R. Civ. P. 26(a)(2)(C), and the court cannot surmise any.

On the other hand, the court concludes, under the narrow circumstances presented by this particular designation, the insufficiency is not so harmful as to require it be stricken.

To begin, unlike other experts purportedly designated by Meritor, the reference in the Ellis designation is to a single report addressing a fairly discrete topic. The report itself does contain an introduction and conclusory summary—totaling no more than two and a half pages, part of a narrative section twenty-five pages in length. The designation was timely made, and Plaintiff had an opportunity to question the witness regarding any opinions or facts summarized in the aforementioned pages. Finally, the subject matter to be addressed by Ellis, as set forth in the aforementioned pages, is unquestionably relevant to the claims and defenses at issue here.

In short, the undersigned does not find that sufficient prejudice exists here to strike Ellis as an expert. However, Ellis will be limited to offering only those opinions and facts which are demonstratively summarized in the Vapor Intrusion Assessment Report's twenty-five pages of narrative.

SO ORDERED, this the 27th day of March, 2018.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE