IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRENDA J. COOPER, et al.                                              PLAINTIFFS

V.                                                          NO. 4:16-CV-52-DMB-JMV

MERITOR, INC., et al.                                                 DEFENDANTS

## ORDER

These consolidated actions[1] are before the Court for consideration of "Defendant Meritor Inc.'s Unopposed Motion to Seal Transcript Exhibit to Objections to Magistrate Judge's Ruling (DKT. #484) and Appeal to the District Court." Doc. #496.

## I
## Procedural History

On February 1, 2018, United States Magistrate Judge Jane M. Virden held oral arguments regarding the plaintiffs' motion to compel certain allegedly privileged documents disclosed by Meritor, Inc., during discovery which were subsequently sequestered by the plaintiffs' counsel. Doc. #482. At the outset of the hearing, Judge Virden sealed the proceedings and provided the parties ninety days to request continuance of the seal. Doc. #497-1 at 4.

On February 7, 2018, Judge Virden issued an order granting the motion to compel as to all but one of the relevant documents. Doc. #484. On February 26, 2018, Meritor filed an objection to Judge Virden's order, Doc. #498, and a motion to seal the transcript from the February 1, 2018, hearing, Doc. #496. The motion represents that the plaintiffs and Textron, Inc., do not oppose the requested relief.

---

[1] This action is consolidated with four member cases: No. 4:16-cv-53, No. 4:16-cv-54, No. 4:16-cv-55, and No. 4:16-cv-56. The Clerk of the Court is directed to file this order in each member case.

# II
# Standard

Rule 79 of the Uniform Local Civil Rules provides that no document may be filed under seal without a court order. L.U. Civ. R. 79(b). In this regard, Local Rule 79(d) instructs that "[n]o document may be sealed merely by stipulation of the parties." Though "[a] confidentiality order or protective order entered by the court to govern discovery will not qualify as an order to seal documents for purposes of this rule," "[a] statute mandating or permitting the non-disclosure of a class of documents provides sufficient authority to support an order sealing documents." L.U. Civ. R. 79(b), (d).

Rule 79 also directs:

Any motion to seal must be accompanied by a non-confidential supporting memorandum, a notice that identifies the motion as a sealing motion, and a proposed order. A party may also submit a confidential memorandum for in camera review. The non-confidential memorandum and the proposed order must include:

(A) A non-confidential description of what is to be sealed;

(B) A specific request that the document or case:

(1) Be sealed from any access by the public and the litigants' counsel;
(2) Be sealed from public access only, with CM/ECF access permitted to the litigants' counsel; or
(3) Be sealed only from public access in CM/ECF, but available for public viewing at one or more terminals located within the Clerk's office.

L.U. Civ. R. 79(e)(3).

The decision whether to order judicial records sealed is committed to the sound discretion of the district court, which must "balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). In doing so, the court must apply a "presumption in favor of the public's common law right of access." *Id*. at 849. Generally, where the documents sought to be sealed are exhibits to a

dispositive motion, the weight afforded to the public's common law right of access is necessarily greater. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995); *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n.11 (11th Cir. 2001).

### III
### Analysis

Meritor argues that the transcript should be sealed because the relevant documents discussed during the hearing are "privileged expert-attorney communications and work product materials under Fed. R. Civ. P. 26(b)(4)(C), and/or privileged communications regarding the work of Defendants' consulting expert under Fed. R. Civ. P. 26(b)(3)(A) and 26(b)(4)(D)." Doc. #497 at 2. Meritor asks that the transcript be sealed until this Court has resolved the objections to Judge Virden's February 7, 2018, order.

Here, it is unclear whether the allegedly privileged documents will play any role in these proceedings. Accordingly, the public interest in the contents of these documents is low. In contrast, the claimed privileges strongly favor nondisclosure, particularly considering the relatively short period of time Meritor asks the transcript to be sealed. Therefore, the motion to seal [496] is **GRANTED**. Meritor may file under seal a transcript of the February 1, 2018, hearing. Unless extended, such seal shall expire seven (7) days after this Court rules on the objections to Judge Virden's February 7, 2018, discovery ruling.

**SO ORDERED**, this 17th day of April, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**