# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| BRENDA J. COOPER, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16cv52-DMB-JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |

*Consolidated With*

| | |
|---|---|
| JOE E. SLEDGE, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16cv53-DMB-JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |
| | |
| KATHERINE LONGSTREET COOKE, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16cv54-DMB-JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |
| | |
| SRA INVESTMENTS, LLC, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16cv55-DMB-JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |
| | |
| FELICIA WILLIS, ET AL. | PLAINTIFFS |
| versus | Civil Action No. 4:16cv56-DMB-JMV |
| MERITOR, INC., ET AL. | DEFENDANTS |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' COMBINED MOTION TO STRIKE LATE-FILED EVIDENCE IN SUPPORT OF TEXTRON'S MOTION FOR SUMMARY JUDGMENT AND SUMMARY JUDGMENT MOTION

Plaintiffs' move to strike documents filed beyond the deadline imposed by the Court's scheduling order as follows:

The Court entered its ORDER [457] on December 8, 2017 setting deadlines as follows:

The **discovery deadline** is **April 9, 2018** and the **dispositive and Daubert motions** deadline for the lead case is extended to **May 9, 2018. No further extensions will be made in light of the trial date of October 9, 2018**. (emphasis in original)

1

On May 9, 2018, the Defendants filed 48 separate documents including 11 dispositive motions and 9 motions to exclude or limit expert testimony together with supporting memoranda, itemizations of undisputed facts and exhibits.

On May 10, 2018, Defendant Textron made 9 additional filings. Five of these filings were made to confirm certification of service [602], [603], [604], [605], [607]. One filing [606] is an appendix of exhibits filed, in accordance with the Court's direction. The remaining three filings are significant, were filed after the Court's motion deadline and should be stricken from the Record.

The documents at issue are all exhibits filed in support of Textron's Motion for Summary Judgment [591] and filed in association with [596] which is an affidavit certifying the authenticity of 48 exhibits attached to [596] in support of Textron's dispositive motion. Textron did not seek leave of Court to file the exhibit documents and attachments outside of the May 9, 2018 deadline. When the Court has entered its order setting deadlines, the usual parameters of Rule 6 Fed. R. Civ. P. governing the computation and enlargement of time no longer apply and the Court's order controls. Absent a request for enlargement of time granted by the Court, documents subject to the Court's deadline filed out of time are due to be stricken from the Record.

Document **[599]** is 10 pages with 58 pages of additional attachments. Document **[600]** is 164 pages with 586 pages of additional attachments. Document **[601]** is 250 pages with 448 pages of additional attachments. Textron did not explain why these 1,516 pages of exhibits supporting its dispositive motion were filed out of time or offer any justification for the late filing.

Accurate and complete copies of the exhibit documents at issue were sworn as attached in support of Textron's dispositive motion pursuant to affidavit of Textron's counsel [596]. Many of

2

these exhibits were represented to provide support for Textron's statement of undisputed material facts [595] including exhibits 1, 3, 17, 29-38 and 40-48. In short, Textron averred that it filed 22 exhibits in support of its motion for summary judgment on May 9, 2018 that were not actually filed until May 10 one day beyond the deadline.

The Federal Rules of Civil Procedure, authorize [ ] federal courts to control and expedite the discovery process through a scheduling order. *Barrett v. Atlantic Richfield Co.,* 95 F.3d 375, 380 (5th Cir. 1996); *see* Fed. R. Civ. P. 16.

Federal Rule of Civil Procedure 16 allows a court to strike pleadings if a party fails to comply with deadlines imposed by a scheduling order. Fed. R. Civ. P. 16(f)(1)(C). A scheduling order may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b)(4).

Textron did not seek leave to file its exhibits out of time or attempt to demonstrate good cause for modification of the Court's scheduling order. The Fifth Circuit has listed four factors relevant to examination of whether good cause for modification of a scheduling order exists: 1) the explanation for the failure to timely move for leave to amend; 2) the importance of the amendment; 3) potential prejudice in affording the amendment; and 4) availability of a continuance to cure the prejudice. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)

If a party properly moves for amendment the Court has broad discretion in preserving the, integrity and purpose of its scheduling order. *S&W Enters, LLC v. SouthTrust Bank of Ala, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) Here, however, there was no attempt to establish good cause for the filing of exhibits beyond the Court's deadline and therefore no possibility of determining whether Textron had good cause for the late filings. The good cause standard requires the party

3

seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *Id.* at 535.

Any belated request for relief from Textron (assuming same is forthcoming in response to the instant motion) would still be subject to the good cause standard which Textron cannot meet. The blitzkrieg strategy of the Defendants to file 11 dispositive motions and 9 motions to exclude or limit expert testimony almost simultaneously was calculated to overwhelm the Plaintiffs' ability to respond to the massive filings. This type of shock and awe motion practice unleashed at the motion deadline can effectively shield retaliation of scale and limit effective response argument through sheer volume of briefing under the limited (14 day) response time applicable to each motion. Such strategy requires great discipline and attention to detail. The Defendants' desire to file 48 documents nearly concurrently with the motion deadline carried with it the very real risk that a mistake would be made.

Here, it appears that Textron intended to file 48 exhibits (with attachments) supporting its dispositive motion within the May 9, 2018 deadline and averred that they had been filed. 22 of the exhibits were not filed until May 10 when, without leave of Court or explanation, Textron filed [599], [600], and [601] in relation to the affidavit [596] that incorrectly averred on May 9th that all the exhibits were timely filed. A mistake was apparently made but mistake does not equate to good cause.

## **CONCLUSION**

Documents [599], [600], and [601] should be stricken from the Record because they were filed beyond the scheduling order of the Court, were filed without leave of Court and because good cause has neither been claimed or established for the out-of-time filing.

4

DATED this the 15th day of May, 2018.

Respectfully submitted by,

　/s/Marquette Wolf　
**MARQUETTE WOLF** (MB #104996)
**TED LYON**
**BEN TAYLOR**
TED B. LYON & ASSOCIATES, P.C.
18601 LBJ Freeway, Suite 525
Mesquite, TX 75150
Tel. (972) 279-6571
Fax. (972) 279-3021
mwolf@tedlyon.com
tblyon@tedlyon.com
btaylor@tedlyon.com
**W. LAWRENCE DEAS** (MB #100227)
**WILLIAM LISTON** (MB #8482)
LISTON & DEAS PLLC
Post Office Box 14127
Jackson, MS 39216
Tel. (601) 981-1636
Fax. (601) 982-0371
william@listondeas.com
lawrence@listondeas.com

**STEVEN H. FUNDERBURG** (MB #9959)
FUNDERBURG SESSUMS & PETERSON, PLLC
Post Office Box 13960
Jackson, MS 39236-3960
Tel. (601) 355-5200
Fax. (601) 355-5400
sfunderburg@fsplawfirm.com

**ALAN D. LANCASTER**
P.O. Box 645
Winona, MS 38967
Tel. (601) 283-2132
dlancaster@listonlancaster.com

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

This is to certify that I, Marquette Wolf, served a true and correct copy of the above and foregoing document on all counsel of record by transmitting the same *via* electronic mail and/or by filing the same with the ECF system established by the Court, which sent a copy of the same to all counsel of record.

DATED: May 15, 2018.

    */s/ Marquette Wolf*
**MARQUETTE WOLF**