IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BRENDA J. COOPER, et al.**                                                    **PLAINTIFFS**

**V.**                                                          **NO. 4:16-CV-52-DMB-JMV**

**MERITOR, INC., et al.**                                                     **DEFENDANTS**

**ORDER**

These consolidated actions are before the Court for consideration of "Defendant Meritor Inc.'s Objections to Magistrate Judge's Ruling (Dkt. #512) and Appeal to the District Court." Doc. #522.

**I**
**Relevant Procedural History**[1]

This lawsuit involves claims for property damage and emotional distress allegedly caused by pollution emanating from a manufacturing plant in Grenada, Mississippi. Discovery related to this litigation has been extensive and contentious.

On March 8, 2018, United States Judge Jane M. Virden issued an order granting a motion filed by the plaintiffs to compel production of almost 1,500 documents listed in a privilege log regarding communications as to James Peeples, one of Meritor's retained experts. Doc. #512. The order directed disclosure of three classes of documents: (1) communications between Peeples and Meritor's counsel from January 1, 2015, to the present; (2) communications related to work Peeples allegedly performed as a litigation consultant at the manufacturing plant; and (3) communications on limited groundwater sampling conducted by Peeples at the direction of the defendants' consulting expert.

---

[1] A more detailed procedural history is set forth in this Court's May 15, 2018, Order. Doc. #612.

On March 22, 2018, Meritor filed an appeal of Judge Virden's order insofar as it relates to approximately 1,000 of the relevant documents.[2] Doc. #522.

## II
## Standard

"A party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* L.U. Civ. R. 72(a)(1)(B) ("No ruling of a magistrate judge … will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.").

## III
## Analysis

On May 15, 2018, this Court entered an order which overruled objections to a separate Judge Virden order directing disclosure of a collection of documents involving the same three classes of documents at issue here. *See* Doc. #612. In its objections here, Meritor raises a number of arguments addressed in the May 15 order.

The only new objection appears to be that Peeples' consulting work involved issues related to the manufacturing plant's Permeable Reactive Barrier ("PRB") in anticipation of certain warranty claims which are unrelated to this litigation.[3] *See* Doc. #522 at 4. Judge Virden rejected this assertion on the ground that Peeples was designated as a testifying expert on issues related to

---

[2] Meritor represents that it agreed to produce 490 of the documents and that the plaintiffs agreed to cease pursuing 34 of the documents. Doc. #522 at 2. n1.

[3] Meritor also notes that, unlike the handwritten notes at issue in the previous order, the handwritten notes relevant here relate to conversations occurring after January 1, 2015, when Peeples was allegedly retained. Because there is no indication these conversations were undertaken *uniquely* in Peeples' role as a retained expert, the Court finds the timeframe to be a distinction without a difference.

2

the status and placement of the PRB at the manufacturing plant. Doc. #512 at 8–9. While Meritor insists that it does not intend to call Peeples to testify on the PRB issues (or the related vapor intrusion issues), the simple fact is that Peeples was designated as a testifying expert on precisely these issues. While this designation may have been a mistake, it remains controlling in the absence of a proper re-designation. For this reason, and for the reasons in this Court's May 15 order, Meritor's objections [522] are **OVERRULED**.

**SO ORDERED**, this 25th day of May, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**