# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**BRENDA J. COOPER, et al.**                                                            **PLAINTIFFS**

**V.**                                                                    **NO. 4:16-CV-52-DMB-JMV**

**MERITOR, INC., et al.**                                                              **DEFENDANTS**

## ORDER

These consolidated actions are before the Court for consideration of "Partial Objection of Defendants Meritor Inc., Rockwell Automation, Inc. and the Boeing Company to the Magistrate Judge's Ruling (Doc. #526) and Appeal to the District Court." Doc. #530.

## I
## Factual and Procedural History

### A. Complaint and Consolidation

On March 16, 2016, Brenda Cooper, Sylvia Caffey, Margaret Odems, Bernice Richardson, Dora Ward, Rosie Brady, Pearl Seldon, Betty Phillips, Alice Crumley, and Sylvia Cunningham filed a complaint in this Court against Rockwell International Corporation and the Randall Division of Textron, Inc. Doc. #1. On June 30, 2016, the case was consolidated with four member cases: No. 4:16-cv-53, No. 4:16-cv-54, No. 4:16-cv-55, and No. 4:16-cv-56. Doc. #41. The day after consolidation, the plaintiffs filed an amended complaint against Meritor, Inc., Rockwell Automation Inc., The Boeing Company, and Textron, Inc. Doc. #43.

In the amended complaint, the plaintiffs, residents or former residents of Grenada County, Mississippi, seek to recover for injuries to their homes and property caused by a manufacturing plant located in Grenada, Mississippi. The plaintiffs allege that they "are residents or former residents of a neighborhood adjacent" to the manufacturing plant, specifically the "Eastern

Heights" neighborhood, and that the plant was operated by: (1) Rockwell International Corporation, the predecessor to Rockwell Automation, Inc., which itself is a predecessor to The Boeing Company, from 1965 until 1985; and (2) Randall Wheel Trim, a subsidiary of Textron, Inc., from 1985 until the present. Doc. #43 at 1–6, 9. The plaintiffs further allege that the plant, which was used to manufacture chrome-plated wheel covers, utilized numerous chemicals, including hexavalent chromium and trichloroethylene ("TCE"), and that these chemicals were illegally placed into the environment, including the air and groundwater, with the defendants concealing such disposal. The plaintiffs assert six claims arising from the allegedly wrongful acts: (1) Fraud and Fraudulent Concealment (Count I); (2) Civil Conspiracy (Count II); (3) Negligence (Count III); (4) Nuisance (Count IV); (5) Trespass (Count V); and (6) Intentional and/or Negligent Infliction of Emotional Distress (Count VI). Subsequently, the parties stipulated to the dismissal of Count I and Count II. Doc. #174.

### B. Initial Discovery

On August 19, 2016, United States Magistrate Judge Jane M. Virden issued a case management order which set: (1) the discovery deadline as November 29, 2017; (2) the amendment deadline as October 20, 2016; (3) the plaintiffs' expert designation deadline as April 28, 2017; (4) the defendants' expert designation deadline as July 28, 2017; and (4) the dispositive motions deadline as December 29, 2017. Doc. #83. Later, Judge Virden, acting on motion of the defendants, extended the defendants' expert designation deadline until August 18, 2017. Doc. #263.

On June 21, 2017, the plaintiffs issued a subpoena to T&M Associates, Inc., an environmental firm which has contracted with Meritor for a number of years. Doc. #498-4. The subpoena sought seven categories of documents:

1. All documents you provided to Textron, Meritor, Arvin Meritor, Rockwell Automation and Boeing Automation and any of their agents or attorneys between January 1, 2015 and the date of your response.

2. All documents you have in your possession that relate to environmental investigations, studies, testing, planning or similar work performed at or in the vicinity of the Grenada Plant, specifically including the Eastern Heights neighborhood and any known or suspected waste disposal areas located along or near Moose Lodge Road.

3. All correspondence, including electronic mail or other electronic communications of any sort, that you have concerning environmental investigations, studies, testing, planning or similar work performed at or in the vicinity of the Grenada Plant, between you and the following:

Phillip Sykes
Trudy Fisher
Lea Ann Smith
William Smith
Peter Farrell
Barber Boone
James Palmer
Any person with the firm Butler Snow
Any person with the firm Balch Bingham
Any person with the firm Kirkland Ellis

4. All correspondence in connection with this subpoena.

5. All correspondence between you (including anyone on your behalf) and the US EPA related in any way to the Grenada Plant, known or suspected waste disposal sites along Moose Lodge Road, or the Eastern Heights subdivision in Grenada County, Mississippi.

6. All correspondence between you (including anyone on your behalf) and the MS DEQ related in any way to the Grenada Plant, known or suspected waste disposal sites along Moose Lodge Road, or the Eastern Heights subdivision in Grenada County, Mississippi.

7. Any reports prepared, whether in final or draft form, related to contamination originating from the Grenada Plant or any known or suspected waste disposal sites along Moose Lodge Road, along with supporting testing materials.

*Id.* at 8.

Following service of the subpoena, Meritor provided the plaintiffs with an index of potentially responsive documents. Then, the plaintiffs and Meritor engaged in a meet-and-confer process for production. This process resulted in the production of approximately 550,000 pages of material and a preliminary privilege log.

### C. Designation of James Peeples

On August 18, 2017, Meritor, Boeing, and Rockwell, served their joint experts designation. Doc. #511-1. The document provided, in relevant part:

> **B. EXPERTS NOT SPECIFICALLY RETAINED PURSUANT TO RULE 26(a)(2)(C) AND RETAINED PURSUANT TO RULE 26(a)(2)(B)**
>
> Defendants identify the following expert, pursuant to Rule 26(a)(2)(C) and 26(a)(2)(B), in each of the above-styled cases:
>
> James Peeples, PE
> Vice President, Senior Technical Environmental Engineer
> T&M Associates, Inc.
> 4675 Lakehurst Court, Suite 250
> Columbus, Ohio 43016
>
> Exhibit F contains a copy of Mr. Peeples' Curriculum Vitae and list of reports, including all opinions, analysis, sources and references contained therein, which have previously been submitted to the United States Environmental Protection Agency and/or the Mississippi Department of Environmental Quality and previously produced to all parties, upon which Mr. Peeples will rely and testify. The materials reflect the subject matter on which Mr. Peeples will testify. All of the opinions Mr. Peeples may testify to will be expressed to a reasonable degree of scientific, technical, and/or engineering certainty. Mr. Peeples' hourly rate for expert testimony is $300.

*Id*. at 3.

Exhibit F to the designation listed the following eighteen documents:

1. Corrective Measures Pre-Design Investigation Results, Feb. 21, 2008 (MTOR-EPA-0010647–10835)

2. Annual Monitoring Report, Calendar Year 2011, Grenada Manufacturing, LLC (GRENADA 049780–050389)

3. 2012 Annual Monitoring Report, Grenada Manufacturing, LLC (GRENADA 007684–f008906)

4. Annual Monitoring Report, Calendar Year 2013, Grenada Manufacturing, LLC (GRENADA 053281–054003)

5. Annual Monitoring Report, Calendar Year 2014, Grenada Manufacturing, LLC (GRENADA 054004–055174)

6. Moose Lodge Road Area Additional Investigation Report, Comprehensive Study Area Groundwater Evaluation (MTOR-00-0000003–0002565)

7. April 29, 2016, Trudy Fisher, Butler Snow Letter to Mississippi Department of Environmental Quality (MTOR-02-0002593–0002603)

8. 2016 Data Gap Work Summary (MTOR-02-0002579–0002592)

9. Annual Monitoring Report, Calendar Year 2015, Grenada Manufacturing, LLC (TM024825)(MTOR-02-0018705–0019376)

10. 2016 Annual Monitoring Report, Grenada Manufacturing, LLC Facility (MTOR-02-0019377–0020392)

11. AOC A Investigation Report, Grenada Manufacturing, LLC Facility (MTOR-02-0005439–0005943)

12. Kirk and PCA Properties Investigation Report (MTOR-02-0009153–0010915)

13. Groundwater Monitoring Report, 2nd Quarter 2017, Moose Lodge Road Area (MTOR-02-0016919–0017202)

14. T&M Environmental Quality Information System (EQuIS) database (DATABASE)

15. Sodium Concentrations Data – Deep Zone, figure (MTOR-02-0016917)

16. Sodium Concentrations Data – Shallow Zone, figure (MTOR-02-0016918)

17. Potassium Concentrations Data – Deep Zone, figure (MTOR-02-0016914)

18. Potassium Concentrations Data – Shallow Zone, figure (MTOR-02-0016915)

*Id*. at Ex. F. According to representations of the plaintiffs' counsel, Meritor provided copies of the enumerated documents, which included over 9,000 "pages of testing reports, analysis, logs,

and other information, as well as … 46 megabytes of information contained in the EQUiS Database." Doc. #511 at 2 n.1.

### D.  December 18–19 Correspondence and Motions to Compel

On December 18, 2017, counsel for the plaintiffs sent an e-mail to counsel for Meritor asking Meritor to clarify what it "intended regarding Mr. Peeples' disclosure." Doc. #498-2 at 5. The next day, counsel for Meritor responded:

> Mr. Peeples is a 26(a)(2)(C) witness as to the opinions contained in documents 1-5 identified in Exhibit F to Meritor's disclosure. The summary of his opinion to be offered regarding document 1 is provided logically in the section entitled "Executive Summary." The summary of his opinion to be offered regarding documents 2-4 is already included in the identified document in the one page "Summary of Findings" found in each short document. Please note that these documents also provide data and facts upon which opinions identified below may be based.
>
> Mr. Peeples is a 26(a)(2)(B) witness as to the opinions contained in documents 6-18 identified in Exhibit F of Meritor's disclosure, as explained below. Each specifically identified report contains the opinions that Mr. Peeples will testify to, as well as the basis for the opinions and the facts and data upon which the opinions are based. While some of the reports are extensive, the majority of the documents are data tables and appendices of raw data. There are far fewer pages that contain the text of his reports. Also identified as Document 14 in Exhibit F is the EQuIS database, which provides the underlying data and support for all of the reports and which was produced to Plaintiffs in August.

*Id*. at 3–4.

Over the ensuing months, the parties quarreled over the scope of discovery resulting from Peeples' dual designation. Ultimately, this Court granted two motions to compel filed by the plaintiffs and ordered disclosure of approximately 1,000 documents. *See* Doc. #612; Doc. #690.

### E.  Motion to Strike

On March 8, 2018, the plaintiffs filed a motion to strike both designations of Peeples. Doc. #509. As grounds for such relief, the plaintiffs argued:

6

> Meritor's designation of … Peeples is insufficient under Fed.R.Civ.P. 26(a)(2)(C) due to its failure to provide a summary of the facts and opinions to which … Peeples proposes to testify[,] … [and is] insufficient under Fed.R.Civ.P. 26(a)(2)(B) due to Meritor's failure to provide a written report, prepared and signed by … Peeples ….

Doc. #510 at 2. Meritor, Boeing, and Rockwell ("Appealing Defendants") responded in opposition to the motion on March 22, 2018. Doc. #521. In response, the Appealing Defendants argued:

> Mr. Peeples' historical involvement with the Facility and the surrounding area dates back many years: through his consulting company, T&M Associates, and a predecessor company, Brown & Caldwell, he was involved in part of the decades of environmental remediation efforts relating to the Facility and the area. This involvement included the investigations, observations and direct participation in events, which gave rise to the opinions reflected in the documents numbered 1-5 and specifically identified in Exhibit F of Defendants' disclosure.
>
> Later, in anticipation of this litigation by residents of the Eastern Heights neighborhood, Mr. Peeples was additionally retained as a testifying reporting expert. In that role, he consulted with Defendants' counsel, was made aware of, received and considered facts and data additional to the materials growing out of his and others' involvement in remediation- and litigation-oriented events, and arrived at expert conclusions reflected in five specified reports: document Nos. 6, 9, 10, 11 and 12, as identified in Exhibit F to Meritor's expert disclosures.

*Id*. at ¶¶ 9–10 (citations and paragraph numbering omitted). The Appealing Defendants further argued that the documents disclosed as part of Exhibit F satisfied the disclosure requirements for both Rule 26(a)(2)(B) and Rule 26(a)(2)(C). The plaintiffs replied on March 26, 2018. Doc. #524.

On April 2, 2018, Judge Virden entered an order granting in part and denying in part the plaintiffs' motion to strike. Doc. #526. In her order, Judge Virden found that: (1) Peeples was not a specially retained expert under Rule 26(a)(2)(B); (2) even if Peeples could be deemed a specially retained expert, reports six through eighteen submitted in Exhibit F were inadequate under Rule 26(a)(2)(B); and (3) the reports in Exhibit F were inadequate under Rule 26(a)(2)(C) but, with the exception of the EQuIS Database report, were not so inadequate as to justify striking Peeples' Rule 26(a)(2)(C) designation with respect to the subject matter of such reports. *Id*. Accordingly, Judge Virden struck Peeples' Rule 26(a)(2)(B) designation in its entirety. Judge

7

Virden also struck Peeples' Rule 26(a)(2)(C) designation insofar as it related to the subject matter of the EQuIS Database. However, Judge Virden declined to strike Peeples' Rule 26(a)(2)(C) designation insofar as it related to the other documents included in Exhibit F.

The Appealing Defendants appealed Judge Virden's order to the undersigned on April 16, 2018. Doc. #530.

## II
## Standard

"A party may serve and file objections to the order [of a magistrate judge] within 14 days after being served with a copy. … The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* L.U. Civ. R. 72(a)(1)(B) ("No ruling of a magistrate judge … will be reversed, vacated, or modified on appeal unless the district judge determines that the magistrate judge's findings of fact are clearly erroneous, or that the magistrate judge's ruling is clearly erroneous or contrary to law.").

## III
## Analysis

In their objections,[1] the Appealing Defendants argue Judge Virden erred in concluding: (1) Peeples was not specially retained under Rule 26(a)(2)(B) regarding documents six through eighteen of Exhibit F; and (2) the Exhibit F reports were insufficient under Rule 26(a)(2)(B), and that such insufficiency caused the plaintiffs prejudice.[2]

---

[1] The Appealing Defendants' arguments advanced on appeal are somewhat unusual in that they argue Peeples is subject to a reporting requirement most parties seek to avoid. Judge Virden attributed this posture to "the fact that work product protection is afforded [to retained] experts' communications with counsel … but not to non-retained reporting experts." Doc. #526 at 5 n.2. This Court has held this privilege would not apply even if Peeples were, in fact, a Rule 26(a)(2)(B) witness. *See* Doc. #612; Doc. #690.

[2] In a footnote, the Appealing Defendants also argue that Judge Virden erred in striking Peeples' expert designation with respect to the EQuIS database because "as raw data, no opinions are reflected in the database." Doc. #530 at 15

Federal Rule of Civil Procedure 26 governs discovery in federal court. With regard to experts, Rule 26(a)(2)(A) requires that "a party must disclose … the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Rule 26(a)(2)(B) mandates that the disclosure be accompanied by an expert report. In the event a report is not required, the disclosure must identify "the subject matter on which the witness is expected to present evidence … and a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).

In her order, Judge Virden held that "it is the means by which a person who is expected to testify has gained the knowledge and reached the opinions to be expressed that governs the determination of whether the person is to be considered a specially retained reporting expert or a non-reporting expert." Doc. #526 at 6–7 (citing *Tolan v. Cotton*, No. H-09-1324, 2015 WL 5332171, at *1 (S.D. Tex. Sep. 14, 2015)). From there, Judge Virden held that because "Peeples's knowledge about the site was gained from years of working at or near the site on behalf of Meritor," he is precluded from serving as a specially retained expert witness. *Id*. at 7. In their objections, the defendants assert that this "reasoning ignores the possibility that an expert – such as a treating physician – could gain knowledge of the (historical) facts, treat the patient (or provide remediation services for an environmental site), and *later* be recruited to provide expert opinion testimony …." Doc. #530 at 13 (internal quotation marks omitted). This Court agrees, to an extent.

---

n.7. To the extent the Appealing Defendants contend no opinions are reflected in the database, they concede there is no reason for an expert designation as to the document itself.

9

When an "expert is part of the ongoing sequence of events and arrives at his causation opinion during [the events], his opinion testimony is not that of a retained or specially employed expert." *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011). In contrast, if "the expert comes to the case as a stranger and draws the opinion from facts supplied by others, in preparation for trial, he reasonably can be viewed as retained or specially employed for that purpose, within the purview of Rule 26(a)(2)(B)." *Id.* This is not to say, however, that a retained witness may not rely on facts which he personally observed.

A treating physician ordinarily subject to disclosure under Rule 26(a)(2)(C)[3] will be deemed a retained expert under Rule 26(a)(2)(B) when "the doctor's opinion testimony extends beyond the facts disclosed during care and treatment of the patient and the doctor is specifically retained to develop opinion testimony …." *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995). Consistent with this rule, "someone may be a witness not required to produce a report as to portions of his testimony and simultaneously deemed a retained or specially employed expert who is subject to Rule 26(a)(2)(B) as to other portions." *LaShip, LLC v. Hayward Baker, Inc.*, 296 F.R.D. 475, 480 (E.D. La. 2013). Accordingly, the Court rejects the notion that Peeples' personal involvement with the site precludes his designation as a Rule 26(a)(2)(B) expert. This holding does not, however, compel the conclusion that the Rule 26(a)(2)(B) designation of Peeples is proper.

As explained above, a Rule 26(a)(2)(B) designation is only warranted when an expert will give an opinion based on facts beyond those observed in the expert's non-retained role. In this case, due to Meritor's unartful expert designation, the scope of Peeples' Rule 26(a)(2)(C) testimony mirrors the scope of Peeples' purported Rule 26(a)(2)(B) testimony. In light of this

---

[3] *See* Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment.

complete overlap, there is simply no indication that, in formulating his opinions, Peeples relied on any information obtained uniquely in his role as a retained expert. In the absence of uniquely obtained evidence, the Court concludes that Judge Virden did not err in finding Peeples to be an improperly designated Rule 26(a)(2)(B) expert. Having reached this conclusion, the Court declines to address Meritor's arguments regarding the adequacy of the Exhibit F reports under Rule 26(a)(2)(B), or the potential prejudice arising from such disclosures.

## IV
## Conclusion

For the reasons above, the Appealing Defendants' objections [530] are **OVERRULED**.

**SO ORDERED**, this 31st day of May, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**