# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

| | |
|---|---|
| **BRENDA J. COOPER, ET AL.** | **PLAINTIFFS** |
| vs. | Civil Action No. 4:16-cv-52-DMB-JMV |
| **MERITOR, INC., ET AL.** | **DEFENDANTS** |

*- Consolidated With -*

| | |
|---|---|
| **JOE E. SLEDGE, ET AL.** | **PLAINTIFFS** |
| vs. | Civil Action No. 4:16-cv-53-DMB-JMV |
| **MERITOR, INC., ET AL.** | **DEFENDANTS** |

*- and -*

| | |
|---|---|
| **KATHERINE LONGSTREET COOKE, ET AL.** | **PLAINTIFFS** |
| vs. | Civil Action No. 4:16-cv-54-DMB-JMV |
| **MERITOR, INC., ET AL.** | **DEFENDANTS** |

*- and -*

| | |
|---|---|
| **SRA INVESTMENTS, LLC, ET AL.** | **PLAINTIFFS** |
| vs. | Civil Action No. 4:16-cv-55-DMB-JMV |
| **MERITOR, INC., ET AL.** | **DEFENDANTS** |

*- and -*

| | |
|---|---|
| **FELICIA WILLIS, ET AL.** | **PLAINTIFFS** |
| vs. | Civil Action No. 4:16-cv-56-DMB-JMV |
| **MERITOR, INC., ET AL.** | **DEFENDANTS** |

## ORDER

This matter came before the Court upon the urgent *ore tenus* motion of Defendants, made during a recent [789] telephonic status conference on August 23, 2018, for a protective order prohibiting one of Plaintiffs' lawyers from receiving certain test result data generated by the University of Oklahoma, which the University of Oklahoma apparently intends to provide him in response to his state Open Records Act request. According to the records request, it was made on

1

behalf of some residents of the Grenada area and the State of Mississippi, represented to be the requesting attorney's clients.[1] Briefs on the oral motion were filed at noon on August 24, 2018, and this Order on the motion was delivered orally into the record that afternoon.

In a nutshell, the Defendants argue that this court should not permit Plaintiffs' counsel to receive the documents that he has requested because the documents were produced by the University of Oklahoma at the request of Defendants' consulting experts employed in this case in anticipation of litigation. However, there has been no ruling in this case that documents created by a public higher educational institution are subject to the consulting expert or work product privileges, and the Defendants have produced no contract between themselves or their counsel and any consultant, much less between any consultant and any alleged subcontractor of such consultant, namely the University of Oklahoma, from which it might be determined in what capacity University of Oklahoma actually performed any work for any alleged consulting expert in the instant case.

It is the burden of the party claiming privilege to establish a basis therefor, and Defendants have offered no evidence thereof. There is simply no adequate basis upon which to found a determination that test data apparently performed by a public higher educational institution is subject to protection. On the contrary, if a party voluntarily discloses, without restriction, information to the public domain that might otherwise have been subject to privilege, such a public disclosure would surely strip the information of any protection from disclosure it might otherwise have been afforded. In the instant case, without more information about the nature of the

---

[1] As the courts appreciates Defendants' motion, Defendant does not request that this court direct the University of Oklahoma to do, or not do, anything that it determines it should do to comply with Oklahoma's Open Records Act. However, the Defendants do ask, in the alternative to the principal relief--the protective order--that the court issue an order declaring that the documents generated by the University of Oklahoma which are in dispute are privileged matters of consulting experts.

contractual relationship between the so-called consultants and the alleged subcontractors, there is no privilege that has been demonstrated to exist at this point.

Furthermore, while the request for documents was made by an attorney in the instant case and on behalf of some of the residents in the area that is at issue in the instant case, it was also made by or on behalf of the State of Mississippi, who is not a party here. No authority is provided to the court in this action for prohibiting the Attorney General or his counsel from receiving that which the University of Oklahoma has apparently determined it will produce to him under state law.

Finally, though the undersigned declines to grant the relief requested by the Defendants here, the undersigned will leave for the parties and the District Judge whether the subject materials may be used in the instant litigation.

**IT IS ORDERED** this, the 28th day of August, 2018.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**