# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

| | |
|---|---|
| BRENDA J. COOPER, ET AL. | **PLAINTIFFS** |
| versus | Civil Action No. 4:16-cv-52-DMB-JMV |
| MERITOR, INC., ET AL. | **DEFENDANTS** |

*- Consolidated With –*

| | |
|---|---|
| JOE E. SLEDGE, ET AL. | **PLAINTIFFS** |
| versus | Civil Action No. 4:16-cv-53-DMB- JMV |
| MERITOR, INC., ET AL. | **DEFENDANTS** |

*- and -*

| | |
|---|---|
| KATHERINE LONGSTREET COOKE, ET AL. | **PLAINTIFFS** |
| versus | Civil Action No. 4:16-cv-54-DMB-JMV |
| MERITOR, INC., ET AL. | **DEFENDANTS** |

*- and -*

| | |
|---|---|
| SRA INVESTMENTS, LLC, ET AL. | **PLAINTIFFS** |
| versus | Civil Action No. 4:16-cv-55-DMB-JMV |
| MERITOR, INC., ET AL. | **DEFENDANTS** |

*- and -*

| | |
|---|---|
| FELICIA WILLIS, ET AL. | **PLAINTIFFS** |
| versus | Civil Action No. 4:16-cv-56-DMB-JMV |
| MERITOR, INC., ET AL. | **DEFENDANTS** |

## **ORDER**

This matter is before the Court on Plaintiffs' Motion to Disqualify Timothy Coughlin as counsel for Defendants Meritor Inc., The Boeing Company, and Rockwell Automation, Inc. In support of the motion, Plaintiffs rely on Mississippi Rule of Professional Conduct 3.7. For the reasons explained below, the motion will be denied.

Rule 3.7 of the *Mississippi Rules of Professional Conduct* provides, in relevant part:

a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness except where . . . 3) disqualification of the lawyer would work substantial hardship on the client.

First, a lawyer is not "likely to be a necessary witness" where the evidence sought from the witness is available from another source. *See Horaist v. Doctor's Hospital of Opelousas,* 255 F.3d 261, 267 (5th Cir. 2001); *United States v. Starnes* 157 Fed App'x 687, 693 – 694 (5th Cir. 2005). In the instant case, Plaintiffs assert Mr. Coughlin is the only person available to testify at trial on the matters he addressed as a witness in an action pending in Oklahoma that concerned work done by a consulting expert in this action. Specifically, Mr. Coughlin testified in the Oklahoma action that Lori LaPat was engaged by Meritor in the instant case to perform CSIA testing; she had the CSIA testing performed by Oklahoma University and issued a report of the analysis; the Defendants determined not to designate Ms. LaPat as an testifying expert; and because the CSIA analysis was so complex, if disclosed pursuant to the Oklahoma Open Records Act, it could be "misused" by Plaintiffs' counsel in the instant action or by community activists. *See* Oklahoma Hr'g Tr. 149-152, Ex. 12 to Pls.' Mot. However, though the undersigned by this order makes no comment on the admissibility of the foregoing at the trial of this matter, it is plain that Plaintiffs have failed to demonstrate Mr. Coughlin is the only person with this information. On the contrary, the record reflects that Defendants' counsel (of which there are a number), as well as Textron's counsel, received and reviewed the subject report and/or drafts and determined not to use Ms. LaPat other than as a consultant. Moreover, all of the information testified to by Mr. Coughlin in the Oklahoma action is now demonstratively known or knowable to the world: that testimony was freely given by Mr. Coughlin in open court in Oklahoma, and it also appears in transcribed format on the public docket in the instant case.

Next, the undersigned finds that disqualifying Mr. Coughlin at this juncture in this litigation would unquestionably create a substantial hardship for Defendants. Mr. Coughlin, from the undersigned's perspective, has acted as the apparent, if not actual, lead counsel for the Defendants (other than Textron) in this long-lived and complex litigation. The suggestion that usurping Defendants of the counsel who, from all appearances, has been the principal architect and driver of their defense would not impose a substantial hardship on Defendants is without merit.

For the foregoing reasons the motion to disqualify counsel is denied.

SO ORDERED this 4th day of January, 2019.

/s/ Jane M. Virden
U. S. Magistrate Judge