# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**BRENDA J. COOPER, et al.**                                                    **PLAINTIFFS**

**V.**                                                              **NO. 4:16-CV-52-DMB-JMV**

**MERITOR, INC., et al.**                                                       **DEFENDANTS**

### ORDER

Before the Court in these consolidated cases is "Defendants Meritor, Inc., The Boeing Company, and Rockwell Automation, Inc.'s Motion in Limine to Exclude 2015 Statement of Theodore Berry." Doc. #704.

## I
## Relevant Background

On February 20, 2015, Marvin Reid Stanford, a former attorney for the plaintiffs, conducted an examination under oath of Theodore Berry, Jr., during which Stanford asked Berry numerous questions regarding his employment as a member of a clean-up crew with a wheel-cover facility ("Facility") located in Grenada, Mississippi. Doc. #704-4. Specifically, Stanford inquired whether the clean-up crew dumped "sludge" on the land that would later become the neighborhood known as Eastern Heights. *Id.* at 25–26. Berry responded that chemicals were dumped in the area. *Id.*

Approximately a year after Berry's examination, on March 16, 2016, Brenda Cooper, Sylvia Caffey, Margaret Odems, Bernice Richardson, Dora Ward, Rosie Brady, Pearl Seldon, Betty Phillips, Alice Crumley, and Sylvia Cunningham filed a complaint in the United States District Court for the Northern District of Mississippi against Rockwell International Corporation and the Randall Division of Textron, Inc. Doc. #1. On June 30, 2016, United States Magistrate

Judge Jane M. Virden consolidated the case with four member cases[1] for purposes of discovery and motion practice. Doc. #41. The day after consolidation, the plaintiffs filed an amended complaint against Meritor, Inc., Rockwell Automation Inc., The Boeing Company (collectively, "Meritor Defendants"), and Textron, Inc. Doc. #43.

In the amended complaint, the plaintiffs seek damages for injuries to their homes and property caused by the Facility's operation in Grenada. The plaintiffs allege that they "are residents or former residents of a neighborhood adjacent" to the Facility, specifically the "Eastern Heights" neighborhood, and that the Facility was operated by (1) Rockwell International Corporation, the predecessor to Rockwell Automation, Inc., which itself is a predecessor to The Boeing Company, from 1965 until 1985; and (2) Randall Wheel Trim, a subsidiary of Textron, Inc., from 1985 until the present. The plaintiffs further allege that the Facility, which was used to manufacture chrome-plated wheel covers, utilized numerous chemicals, including hexavalent chromium and trichloroethylene, and that these chemicals were illegally placed into the environment, including the air and groundwater, with the defendants concealing such disposal.

Later in the litigation, the Meritor Defendants, in their *Daubert* motions and summary judgment briefing, cited Berry's 2015 examination numerous times for the proposition that any dumping of industrial wastes outside the relevant Buffing Compound Disposal Area "was far away, toward the Yalobusha River." *See, e.g.*, Doc. #551 at 16; Doc. #559 at 16; Doc. #570 at 34. As support for the proposition, despite attaching excerpts of numerous other documents,[2] the Meritor Defendants attached Berry's 2015 examination in its entirety. *See, e.g.*, Doc. #568-57; Doc. #569-16.

---

[1] *Sledge, et al. v. Meritor, Inc., et al.*, No. 4:16-cv-53; *Cooke, et al. v. Meritor, Inc., et al.*, No. 4:16-cv-54; *SRA Investments, LLC, et al. v. Meritor, Inc., et al.*, No. 4:16-cv-55; *Willis, et al. v. Meritor, Inc., et al.*, No. 4:16-cv-56.

[2] *See, e.g.*, Doc. #568-54; Doc. #569-28.

The plaintiffs cited Berry's 2015 examination in various summary judgment and *Daubert* briefs for four factual contentions: (1) Berry was employed at the Facility to handle and dispose of industrial waste; (2) Berry began working at the Facility in the 1960s and did so for approximately fifteen years; (3) Berry and other employees dumped "chemicals and buffing compound sludge" at various sites selected by their supervisor; and (4) Berry dumped industrial waste on the land which became the Eastern Heights neighborhood. *See, e.g.*, Doc. #619. On May 29, 2018, the Meritor Defendants filed this motion to exclude certain statements in Berry's 2015 examination. Doc. #704. The plaintiffs responded in opposition to the motion on June 7, 2018. Doc. #733. The Meritor Defendants replied on June 14, 2018. Doc. #742.

## II
## Analysis

The Meritor Defendants' motion asks the Court to exclude as inadmissible hearsay "the Examination Under Oath of Theodore Berry, attached to Plaintiffs' oppositions to Defendants' motions for partial summary judgment on punitive damages, for summary judgment, and *Daubert* motions." Doc. #704 at 3. However, the memorandum accompanying the motion asks only that the Court find the document "inadmissible as improper summary judgment evidence and strike it from the record of these proceedings." Doc. #705 at 13. In response, the plaintiffs argue that the Meritor Defendants waived any argument as to the admissibility of Berry's 2015 examination when they cited it in support of their various motions. Doc. #733 at 10. In reply, the Meritor Defendants argue that their use of portions of Berry's 2015 examination for specific purposes did not waive their right to seek exclusion of other portions of it. Doc. #742 at 2–3.

Under Rule 801 of the Federal Rules of Evidence, hearsay is defined as a "statement that … the declarant does not make while testifying at the current trial or hearing [and] a party offers in evidence to prove the truth of the matter asserted in the statement." "Once a party has properly

3

objected to evidence as inadmissible hearsay, the burden shifts to the proponent of the evidence to show, by a preponderance of the evidence, that the evidence falls within an exclusion or exception to the hearsay rule and was therefore admissible." *Loomis v. Starkville Miss. Pub. Sch. Dist.,* 150 F.Supp.3d 730, 742–43 (N.D. Miss. 2015) (internal quotation marks and alterations omitted).

There is no dispute that Berry's 2015 examination is hearsay. The only question is whether it is admissible for purposes of this Court deciding the *Daubert* motions or the motions for summary judgment.

### A. *Daubert* Briefing

Insofar as an expert may base his or her opinion on inadmissible hearsay,[3] the hearsay nature of Berry's 2015 examination would not prevent its consideration by an expert. Accordingly, the motion will be denied to the extent it seeks to exclude reference to the examination from the plaintiffs' opposition to the *Daubert* motions.

### B. Summary Judgment Briefing

As a general rule, hearsay is not competent summary judgment evidence. *See Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 510 n.5 (5th Cir. 2001) ("Because these statements are hearsay, they are not competent summary judgment evidence."). However, "[i]t is settled law that one waives his right to object to the admission of evidence if he later introduces evidence of the same or similar import himself." *United States v. Truitt*, 440 F.2d 1070, 1071 (5th Cir. 1971).

The Meritor Defendants argue they did not waive their objection to the admissibility of portions of Berry's examination because "a party may seek to admit portions of a deposition or statement while simultaneously seeking to exclude other portions." Doc. #742 at 3.

---

[3] *Marcel v. Placid Oil Co.*, 11 F.3d 563, 567 n.6 (5th Cir. 1994).

A party may seek to admit a portion of an exhibit while *simultaneously* moving to exclude other portions; however, this is not what the Meritor Defendants did. Here, the Meritor Defendants introduced the entirety of Berry's 2015 examination and then *later* sought to exclude portions of it. When a party does this, it is appropriate to find waiver. *See Schwarzkopf v. Brunswick Corp.*, 833 F.Supp.2d 1106, 1116 (D. Minn. 2011) ("Brunswick … responded that some parts of the diary are admissible because they constitute admissions by Schwarzkopf, while other parts are hearsay. But Brunswick did not submit only those portions of the diary allegedly constituting admissions— it submitted the entire diary. Under these circumstances, the Court finds any objection to Exhibit 33 has been waived."). Because this Court finds that the Meritor Defendants waived their objection to Berry's 2015 examination, their motion to exclude will be denied.

### III
### Conclusion

"Defendants Meritor, Inc., The Boeing Company, and Rockwell Automation, Inc.'s Motion in Limine to Exclude 2015 Statement of Theodore Berry" [704] is **DENIED**.

**SO ORDERED**, this 11th day of February, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**