IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

BRENDA J. COOPER, et al.                                                    PLAINTIFFS

V.                                                           NO. 4:16-CV-52-DMB-JMV

MERITOR, INC., et al.                                                       DEFENDANTS

## ORDER

Before the Court in these consolidated cases is the "Plaintiffs' Motion to Exclude Reports and Opinions of the United States Environmental Protection Agency." Doc. #589.

## I
## Relevant Background

These consolidated cases involve claims for property damage arising from decades of operation of a manufacturing facility ("Facility") in Grenada, Mississippi. The plaintiffs, all property owners or former property owners of land in Grenada's Eastern Heights subdivision, allege that the defendants negligently operated the Facility and that such negligence resulted in the contamination of Eastern Heights.

During discovery, Meritor Inc., The Boeing Company, and Rockwell Automation, Inc. ("Meritor Defendants") designated as a non-retained expert witness the United States Environmental Protection Agency ("EPA"). Doc. #508-1. As a part of the designation, the Meritor Defendants represented: "The general nature of the subject matter upon which the Defendants will rely upon from the U.S. EPA concerns the environmental studies conducted in the Eastern Heights Neighborhood and the reports and other government records, including the opinions, analysis and data therein, attached as Exhibit H." *Id*. at 4. This expert designation was voluntarily withdrawn by the Meritor Defendants after the plaintiffs moved to strike the disclosure. Doc. #520. Despite

the withdrawal, the Meritor Defendants relied on the EPA's reports in support of numerous *Daubert* motions and in summary judgment briefs.

On May 9, 2018, the plaintiffs moved to exclude the EPA reports as undisclosed expert testimony under Federal Rule of Civil Procedure 26 and as unreliable expert testimony under *Daubert* and its progeny. Doc. #589. The Meritor Defendants respond that the reports are not expert reports and, therefore, are not subject to expert admissibility requirements. Doc. #651 at 8. They further contend that the reports are admissible under Federal Rule of Evidence 803(8) as public records. *Id*. at 9–10. In reply, the plaintiffs appear to concede that Rule 26(a)'s expert designation requirements do not apply to the EPA reports[1] but contend that the reports are excludable under *Daubert* and are otherwise inadmissible as public records. *See generally* Doc. #728.

## II
## Relevant Considerations

Federal Rule of Evidence 803(8), which governs the admissibility of public records, provides:

> A record or statement of a public office [is not excludable under the rule against hearsay] if:
>
> (A) it sets out:
>
> (i) the office's activities;
> (ii) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel; or
> (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation; and
>
> (B) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

---

[1] This concession was warranted. *See Waste Action Project v. Draper Valley Holdings LLC*, 49 F.Supp.3d 799, 813 (W.D. Wash. 2014) (public record "is not subject to the disclosure requirements of [Rule 26(a)(2)]: it is not an expert witness, nor was the person(s) who created it 'retained or specially employed to provide expert testimony in the case'").

In *Beech Aircraft Corp. v. Rainey*, the United States Supreme Court observed "that neither the language of Rule [803(8)] nor the intent of its framers calls for a distinction between 'fact' and 'opinion.'" 488 U.S. 154, 168 (1988). Accordingly, "portions of investigatory reports otherwise admissible under Rule 803(8) … are not inadmissible merely because they state a conclusion or opinion. As long as the conclusion is based on a factual investigation and satisfies the Rule's trustworthiness requirement, it should be admissible along with other portions of the report." *Id*. at 170.

In contrast, Federal Rule of Evidence 702, which governs expert opinion evidence, directs:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

A "district court has wide latitude when navigating the expert-qualification process." *Williams v. Manitowoc Cranes, L.L.C.*, 898 F.3d 607, 625 (5th Cir. 2018). "As long as there are sufficient indicia that an individual will provide a reliable opinion on a subject, a district court may qualify that individual as an expert." *Id*. (internal quotation marks omitted).

Under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), a district court has a "special obligation … to ensure that any and all scientific testimony is not only relevant, but reliable." *Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, 885 F.3d 794, 802 (5th Cir. 2018) (internal alterations and quotation marks omitted). "To establish reliability under *Daubert*, an expert bears the burden of furnishing some objective, independent validation of his methodology." *Brown v.*

*Ill. Cent. R.R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013) (internal alterations and quotation marks omitted).

Overall, the Court must be mindful that "the fact that … testimony may be assailable does not mean it is inadmissible under Rule 702. The trial court's role as gatekeeper … is not intended to serve as a replacement for the adversary system." *United States v. Ebron*, 683 F.3d 105, 139 (5th Cir. 2012).

### III
### Applicable Standard

Since *Beech Airport Corp.* and *Daubert*, courts have struggled with the question of whether, and to what extent, the requirements of Rule 702 apply to the admissibility of public record documents offered under Rule 803(8).[2] Generally, courts have followed one of three approaches for addressing expert-related issues in a public records context.

Under the first approach, first articulated by the Third Circuit, a party may challenge a public report under Rule 702 but only after "com[ing] forward with some evidence which would impugn its trustworthiness." *Clark v. Clabaugh*, 20 F.3d 1290, 1295 (3d Cir. 1994); *see Yates v. Ford Motor Co.*, No. 5:12-cv-752, 2015 WL 2189774, at *22 (E.D.N.C. May 11, 2015) (rejecting *Daubert* challenge where party failed to make initial showing report was untrustworthy).

Under the second approach, followed by the Ninth Circuit, Rule 803(8) does not abrogate "the district court's gatekeeper role" of admitting only "relevant and reliable evidence." *Desrosiers v. Flight Int'l of Fl. Inc.*, 156 F.3d 952, 962 (9th Cir. 1998) (internal quotation marks

---

[2] This uncertainty is shared by academics. *See* Edward J. Imwinkelried, *A Statute Overtaken by Time: The Need to Reinterpret Federal Rule of Evidence 803(8)(a)(III) Governing the Admissibility of Expert Opinions in Government Investigative Reports*, 46 ST. MARY'S L.J. 31 (2014); Thomas J. McCarthy & John M. Power, *Two Decades After Beech: Confusion over the Admissibility of Expert Opinions in Public Records*, 42 J. MARSHALL L. REV. 925 (2009); Harvey Brown, *Daubert Objections to Public Records: Who Bears the Burden of Proof?*, 39 HOUS. L. REV. 413 (2002).

omitted). Therefore, a court may exclude under Rule 803(8)'s trustworthy requirement portions of a public report the Court deems to be unreliable. *Id*.

Finally, under the third approach, applied by the Fourth Circuit, a proponent of a public report need only satisfy the requirements of Rule 803(8) for the document to be admitted. *See Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 542 (4th Cir. 2007) (rejecting *Daubert* challenge because document "could appropriately have been admitted under [Rule] 803(8), which holds such documents sufficiently reliable because they represent the outcome of a governmental process and were relied upon for non-judicial purposes").

In evaluating these approaches, this Court begins by noting that while Rule 803(8) sets forth exceptions to the hearsay exclusionary rule, the Advisory Committee notes make clear that Rule 803(8) "assumes admissibility in the first instance but with ample provision for escape if sufficient negative factors are present." In this regard, while "safeguards built into other portions of the Federal Rules, such as those dealing with relevance and prejudice, provide the court with additional means of scrutinizing" public reports, Rule 803(8)'s "trustworthiness inquiry … was [the Advisory] Committee's primary safeguard against the admission of unreliable evidence …." *Beech Aircraft Corp.*, 488 U.S. at 167–68. Consistent with this observation, "[t]here is nothing in the text of either Rule 702 or Rule 803 that even hints to a relationship between the two statutes. Likewise, the Advisory Committee Notes to the rules are devoid of any suggestion of such a linkage." Edward J. Imwinkelried, *A Statute Overtaken by Time: The Need to Reinterpret Federal Rule of Evidence 803(8)(a)(III) Governing the Admissibility of Expert Opinions in Government Investigative Reports*, 46 ST. MARY'S L.J. 31, 65 (2014). In the absence of any connection between Rule 702 and Rule 803(8), this Court rejects the Third Circuit's approach, which applies Rule 702 to Rule 803(8), as inconsistent with the text and purpose of both rules.

5

Having rejected the Third Circuit approach of applying Rule 702 to public records, this Court is left with two options—apply Rule 803(8) without regard to Rule 702's reliability mandates (the Fourth Circuit approach) or fold the reliability requirements of Rule 702 and *Daubert* into Rule 803(8)'s trustworthy requirement (the Ninth Circuit approach). Fortunately, Fifth Circuit authority abrogates the need to decide between these two options. While it appears the Fifth Circuit has not addressed the interplay between Rules 702 and 803(8), it has expressly held that "[t]o make a trustworthiness determination [under Rule 803(8)], courts must evaluate the report's reliability by focusing upon the methodology behind the report …." *Eason v. Fleming Cos., Inc.*, 4 F.3d 989, 1993 WL 360736, at *3 (5th Cir. Aug. 24, 1993).[3] Thus, a Fifth Circuit court applying either the Fourth Circuit or Ninth Circuit approach would be required to consider the reliability of a public report's methodology in conducting a trustworthy inquiry.

Consistent with Rule 803(8)'s presumption of admissibility, the absence of any statutory connection between Rule 702 and Rule 803(8), and the Fifth Circuit's approach to Rule 803(8) documents, this Court concludes that a party challenging the reliability of a public record must do so under the trustworthiness prong of Rule 803(8). *See generally Dale v. Ala. Acquisitions I, Inc.*, 398 F.Supp.2d 516, 521 (S.D. Miss. 2005) ("[T]he court recognizes that the auditors' level of skill and expertise in the area involved is obviously highly relevant on the issue of trustworthiness ….").

## IV
## Analysis

As mentioned above, the plaintiffs argue in their memorandum that the various EPA reports are excludable under Rule 702.[4] Because this Court has concluded that Rule 702 is inapplicable

---

[3] "Unpublished opinions issued before January 1, 1996 are binding precedent in this circuit." *Macktal v. U.S. Dep't of Labor*, 171 F.3d 323, 328 n.3 (5th Cir. 1999).

[4] The plaintiffs also raise a relevancy challenge on the ground that under *Daubert*, due to the reliability issues, "the evidence supporting the EPA opinions is insufficient to allow a reasonable juror to conclude that the proposition is

to public records, the motion may be properly denied. However, because the applicability of Rule 702 was unclear, this Court, in the interests of fairness and efficiency, will evaluate this issue as a trustworthiness challenge.

Under the plain language of Rule 803(8), the party opposing admission of a public record bears the burden of showing the document is untrustworthy. Fed. R. Evid. 803(8)(B); *Moss v. Ole S. Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991). With regard to trustworthiness:

> The Advisory Committee proposed a nonexclusive list of four factors it thought would be helpful in passing on this question: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation.

*Beech Aircraft Corp.*, 488 U.S. at 167 n.11. Additionally, the Fifth Circuit has directed a district court to consider the methodology underlying the report. *Eason*, 1993 WL 360736, at *3. A party challenging a public report's methodology "must demonstrate that it was compiled utilizing methods that cannot be relied upon; general complaints that the report is incomplete or inaccurate go to the weight afforded the report rather than to its admissibility." *Id*.

The plaintiffs argue in their memorandum that the EPA reports are unreliable because (1) in February 2018, Franklin Hill, the Superfund Director for the EPA, called the agency's prior efforts at the Facility "a colossal failure from a regulatory standpoint;" (2) some of the reports rely on data compiled by a third-party firm retained by the Meritor Defendants in preparation for this litigation; and (3) the methods used for compiling the reports are generally unreliable under the *Daubert* factors.[5] Doc. #590 at 5–6, 9.

---

more likely to be true than false." Doc. #590 at 10. To the extent this Court has held *Daubert* does not apply to the relevant documents, this challenge is rejected.

[5] The plaintiffs advance additional arguments in their reply brief. However, "[r]eply briefs cannot be used to raise new arguments." *Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016).

First, this Court is skeptical that a single statement from a single administrator can render the various opinions of an agency unreliable. Regardless, while the EPA's Superfund Director criticized the agency's *response*, he offered no statement regarding the reports at issue here. Accordingly, his statement is not evidence that the methodology underlying the specific reports is unreliable.

Furthermore, while the plaintiffs have argued that reliance on data prepared by a party's contractor makes an agency's methodology unreliable, they have offered no authority or evidence to support such argument. Indeed, "reliance on other documentation does not make the EPA's findings unreliable or inadmissible …." *Southwire Co. v. Ramallo Bros. Printing, Inc.*, 540 F.Supp.2d 307, 310 (D.P.R. 2008). In the absence of evidence that the contractor's data was inaccurate or unreliable, the Court concludes that reliance on such information does not satisfy the plaintiffs' burden to show untrustworthiness.

The plaintiffs' remaining objections are conclusory statements regarding the various EPA reports' failure to comply with *Daubert* standards. These skeletal statements are properly characterized as "general complaints" about the reports' methodologies which are insufficient to show untrustworthiness. *Eason*, 1993 WL 360736, at *3.

With regard to the trustworthiness factors, the Court first finds that the reports, which are largely contemporaneous with the EPA's efforts at the Facility and were often issued within months of the data on which they are based, are timely. As to the second factor, the plaintiffs have offered no evidence that the relevant investigators or authors lacked skill or were motivated by an improper bias.[6] Finally, while it appears the reports did not involve a public hearing, this fact

---

[6] In their reply, the plaintiffs rely heavily on an e-mail sent from Grenada Manufacturing's former legal counsel to the EPA asking the agency to send its "best B.S. artist" to "squelch" rumors regarding a possible location of Eastern Heights residents. Doc. #728 at 6; Doc. #731. This new evidence, as mentioned above, is improperly raised in a reply. Furthermore, there is no evidence that the EPA ever responded to or acknowledged the e-mail.

alone does not justify exclusion. *See Baker v. Elcona Homes Corp.*, 588 F.2d 551, 558 (6th Cir. 1978) ("We do not believe that a formal hearing is a sine qua non of admissibility under Rule 803(8)[] when other indicia of trustworthiness are present."). Accordingly, the Court concludes that the EPA reports are properly admitted under Rule 803(8).

## V
## Conclusion

The plaintiffs' motion to exclude the EPA reports [589] is **DENIED**.

**SO ORDERED**, this 11th day of February, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**