**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BRENDA J. COOPER, et al.**                                                                  **PLAINTIFFS**

**V.**                                                                                          **NO. 4:16-CV-52-DMB-JMV**

**MERITOR, INC., et al.**                                                                     **DEFENDANTS**

**ORDER**

Before the Court is the Meritor Defendants' motion to strike the October 24, 2018, supplemental expert report of James Fineis. Doc. #929.

**I
Procedural History**

On March 16, 2016, Brenda Cooper, Sylvia Caffey, Margaret Odems, Bernice Richardson, Dora Ward, Rosie Brady, Pearl Seldon, Betty Phillips, Alice Crumley, and Sylvia Cunningham filed a complaint in the United States District Court for the Northern District of Mississippi against Rockwell International Corporation and the Randall Division of Textron, Inc. Doc. #1. On June 30, 2016, United States Magistrate Judge Jane M. Virden consolidated the case with four member cases[1] for purposes of discovery and motion practice. Doc. #41. The day after consolidation, the plaintiffs filed an amended complaint against Meritor, Inc., Rockwell Automation Inc., The Boeing Company (collectively, "Meritor Defendants"), and Textron, Inc. Doc. #43.

In the amended complaint, the plaintiffs, residents or former residents of a subdivision in Grenada, Mississippi ("Subdivision"), seek damages for injuries to their homes and property caused by the operation of an industrial facility ("Facility"). The plaintiffs allege that the Facility

---

[1] *Sledge, et al. v Meritor, Inc., et al.*, No. 4:16-cv-53; *Cooke, et al. v. Meritor, Inc., et al.*, No. 4:16-cv-54; *SRA Investments, LLC, et al. v. Meritor, Inc., et al.*, No. 4:16-cv-55; *Willis, et al. v. Meritor, Inc., et al.*, No. 4:16-cv-56.

was operated by (1) Rockwell International Corporation, the predecessor to Rockwell Automation, Inc., which itself is a predecessor to The Boeing Company, from 1965 until 1985; and (2) Randall Wheel Trim, a subsidiary of Textron, Inc., from 1985 until the present. Doc. #43 at 1–6, 9. The plaintiffs further allege that the Facility, which was used to manufacture chrome-plated wheel covers, utilized numerous chemicals, including hexavalent chromium and trichloroethylene, and that these chemicals were illegally placed into the environment, including the air and groundwater, with the defendants concealing such disposal.

On August 19, 2016, Judge Virden issued a case management order which set an April 28, 2017, expert disclosure deadline for the plaintiffs. Doc. #83. The plaintiffs timely disclosed James Fineis as a vapor intrusion expert, and produced his expert report titled, "Evaluation of Vapor Intrusion Conditions Eastern Heights Neighborhood Grenada, Mississippi 38901" ("Fineis Report"). Doc. #626-1. The Fineis Report sets forth the following conclusions:

> Based on the evaluation of 119 samples (50 soil gas, 15 background air, 22 indoor air and 32 sub-slab) collected during the initial phase of the investigation of Eastern Heights neighborhood, the vapor intrusion pathway from groundwater or soil gas is complete for all 19 homes tested. The vapor intrusion pathway with regards to soil gas contamination is complete for all 50 properties tested. Additionally, significant levels of chemicals associated with the operations at the Grenada Manufacturing Facility have been detected in the background air samples collected within the neighborhood which puts all residents within Eastern Heights neighborhood at risk.

*Id*. at 12.[2]

After the Fineis Report was disclosed, Textron, joined by the Meritor Defendants, filed a motion to exclude certain opinions in the report. Docs. #583, #593. Later, Fineis executed an affidavit, Doc. #626-2, which the plaintiffs relied on in numerous briefs, including in their response

---

[2] On October 24, 2017, Fineis completed a "Supplemental Report to the April 2017 Report." Doc. #440-4. On November 29, 2017, the Meritor Defendants moved to strike the supplemental report as an untimely new opinion. Doc. #439. Judge Virden granted the motion on December 28, 2017. Doc. #464.

2

to the motion to exclude, Doc. #626. The defendants moved to strike the affidavit as an untimely expert report. Doc. #700.

On February 11, 2019, this Court issued numerous orders on evidentiary motions, including the motion to strike and the motion to exclude. Of relevance here, the Court struck from Fineis' affidavit a "discussion of third-party testing and opinions identifying the Facility as the source of contamination in the Subdivision." Doc. #850 at 29. The Court also excluded as unreliable Fineis' opinions "that (1) the buildings in the Subdivision are contaminated by vapor intrusion; (2) the Facility is responsible for contamination in the Subdivision; and (3) the contamination in the Subdivision poses a risk to the residents." *Id*. at 73. Following the entry of the evidentiary orders, settlements were reached as to all claims in this case except those advanced by Cooper against the Meritor Defendants.

On February 10, 2020, the Meritor Defendants filed a motion for summary judgment on all of Cooper's claims. Doc. #925. In support of her response to the motion for summary judgment, Cooper submitted an October 24, 2018, supplemental report[3] ("2018 Supplemental Report") prepared by Fineis. Doc. #927-1. On April 10, 2020, the Meritor Defendants, pursuant to Federal Rules of Civil Procedure 26(a) and 37(c ), and Local Rule 26(a)(2), filed a motion to strike the 2018 Supplemental Report as an untimely expert report or, in the alternative, as unreliable and irrelevant. Doc. #929. The motion to strike has been fully briefed. Docs. #930, #932, #933, #934.

**II**
**Analysis**

Federal Rule of Civil Procedure 26 governs discovery in federal court. Regarding experts, Rule 26(a)(2)(A) requires that "a party must disclose … the identity of any witness it may use at

---

[3] The document is titled, "Supplemental Vapor Intrusion Investigation Eastern Heights Neighborhood Grenada, Mississippi 38901 October 9, 2018." Doc. #927-1 at 1. Under the title is Fineis' signature with the date "10/24/2018." *Id*.

3

trial to present evidence under Federal Rule of Evidence 702, 703, or 705." "[I]f the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," Rule 26(a)(2)(B) mandates that the disclosure be accompanied by an expert report. Pursuant to Rule 26(a)(2)(B):

> The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Rule 26(e) further requires a party who has made a disclosure under Rule 26(a) to supplement an expert report "in a timely manner if the party learns that in some material respect the [report] is incomplete or incorrect." To ensure compliance with these dictates, Federal Rule 37(c)(1) provides that "[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

Consistent with the above, it is appropriate to strike or exclude from consideration supplemental expert reports which are filed after the expert disclosure deadline and which amount to new opinions. *See, e.g.*, *Brumley v. Pfizer, Inc.*, 200 F.R.D. 596, 604 (S.D. Tex. 2001) ("Polukoff's … affidavit is untimely under Rule 26 to the extent that it goes beyond the opinions in his report …. The Court strikes … any … opinion that was not contained in the initial Rule 26 report."); *Talbert v. City of Chicago*, 236 F.R.D. 415, 424 (N.D. Ill. 2006) ("It is no surprise that supplemental expert opinions that threaten to belatedly send the case on a wholly different tack

4

are excluded.") (collecting cases). However, "[t]o the extent that an expert affidavit is within the scope of the initial expert report, it is properly submitted in conjunction with dispositive motions even outside the time frame for expert discovery." *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 36 (S.D.N.Y. 2014) (collecting cases).

In seeking sanctions under Rule 37, "[t]he moving party bears the burden of showing that its adversary failed … to [timely] disclose information required by Rule 26." *In re Sept. 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007). If the movant satisfies its initial burden, the non-disclosing party must show that its failure to disclose was either substantially justified or harmless. *See Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1040 (5th Cir. 1999) ("Appellants provided no explanation for their actions. Therefore, … the district court clearly did not abuse its discretion by excluding the testimony …."); *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017) ("The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless.").

Accordingly, this Court must decide whether the Meritor Defendants have shown that the 2018 Supplemental Report contains new opinions and if it does, whether Cooper can show that the failure to timely disclose these opinions was substantially justified or harmless.

### A. Whether the 2018 Report Includes New Opinions

"The line between supplemental opinions and new opinions is not always clear, and the decision regarding how to make the distinction likely depend[s] on the facts of the case." *In re Enron Corp. Secs., Derivative & Erisa Litig.*, MDL No. 1446, 2007 WL 5023541, at *8 (S.D. Tex. Feb. 1, 2007). Generally, "[c]ourts distinguish 'true supplementation' (e.g., correcting inadvertent errors or omissions) from gamesmanship and have repeatedly rejected attempts by parties to bolster their position at summary judgment by 'supplementing' an expert report with a 'new and

5

improved' expert report." *Petersen v. Midgett*, 140 F. Supp. 3d 490, 502 (E.D.N.C. 2015) (collecting cases). "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Beller ex rel. Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003).

The Meritor Defendants argue that the 2018 Supplemental Report is based on completely new data from Fineis' initial report. Doc. #930 at 3–4. Cooper does not dispute that the 2018 Supplemental Report relies on new data. Doc. #933 at 3–4. But she argues that "[s]imilar to his original expert opinion, Fineis opines that the entire neighborhood is contaminated." *Id*. at 3–4.

Even assuming the 2018 Supplemental Report mirrors the same general conclusion as Fineis' initial report, an expert may explain how he reached a particular conclusion but may not "provide[] new sources and justifications for his opinions." *Avance v. Kerr-McGee Chem. LLC*, No. 5:04CV209, 2006 WL 3484246, at *3–4 (E.D. Tex. Nov. 30, 2006). For this reason, an environmental expert may not conduct new environmental sampling to buttress his opinions and then label such analysis a supplemental report. *The Quapaw Tribe of Okla. v. Blue Tee Corp.*, No. 03-CV-846, 2010 WL 3909204, at *4 (N.D. Okla. Sept. 29, 2010); *see also Bd. of Cnty. Comm'rs of Cnty. of Kay v. Freeport-McMoran Copper & Gold, Inc.*, No. CIV-12-601, 2013 WL 7802173, at *1 (W.D. Okla. Sept. 13, 2013) ("The Court will not permit Plaintiff to contradict its earlier Orders by introducing the new sampling data through Flowers as a 'supplementation' of his earlier report when Plaintiff conceded that it undertook the additional sampling in response to an opinion by one of Defendants' experts."). To the extent Fineis has indisputably done this, the 2018 Supplemental Report is properly deemed a new (and untimely) opinion.

### B. Substantial Justification or Harmless

The Fifth Circuit has identified four factors which inform a court's inquiry into whether a disclosure failure was substantially justified or harmless: (1) the explanation for the failure to disclose; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure any prejudice. *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Analytically, the first two factors may be considered relevant to substantial justification while the latter two relate to harmlessness.

Cooper argues that even if the 2018 Supplemental Report is a new opinion, her failure to disclose it in this case was harmless because it was disclosed in separate (but related) property damage cases involving the same defendants and general allegations (but different plaintiffs) and that the Meritor Defendants had the opportunity to depose Fineis in those cases. Doc. #933 at 3–4. The Meritor Defendants respond that even though the 2018 Supplemental Report was produced in the separate cases, they had no knowledge the document would be used to support *Cooper's case*. Doc. #934 at 3. They thus argue that they have been prejudiced by an inability to test the 2018 Supplemental Report with respect to this case. *Id*. The Court agrees.

The Court begins by acknowledging that, given the numerous *Daubert* rulings in this case excluding Cooper's experts, the 2018 Supplemental Report is undoubtedly important to Cooper's case. However, importance alone cannot preclude exclusion of an untimely disclosure. *Ronaldo Designer Jewelry, Inc. v. Cox*, No. 1:17-CV-2, 2020 WL 1124742, at *2–3 (N.D. Miss. Mar. 6, 2020) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).

As to the remaining factors, Cooper has offered no explanation for her failure to disclose the 2018 Supplemental Report. To the extent she contends the provision of the 2018 Supplemental Report in separate litigation renders the failure substantially justified, that is simply not the case.

"[E]ven if a document is publicly available or in the opposing party's possession, a party must still disclose it … *to provide notice of evidence central to its claims or defenses.*" *Martino v. Kiewit N.M. Corp.*, 600 F. App'x 908, 911 (5th Cir. 2015) (emphasis added). Accordingly, a disclosure failure is not substantially justified merely because the document was otherwise in the opposing party's possession. *Id*.

Relatedly, because a party must be able to challenge an expert's opinion as it relates to a specific case, disclosure of a report in separate litigation does not render an untimely disclosure harmless unless the non-disclosing party's "litigation practices relative to the [other] Litigation … provide[d] adequate notice of [an] intention to rely on [the] expert opinions" in the case where the disclosure violation occurred. *United States v. Brace*, 334 F.R.D. 472, 481 (W.D. Pa. 2020). Cooper has offered no evidence or argument which would tend to show that the disclosure in the other cases placed the Meritor Defendants on notice that the 2018 Supplemental Report would be used in this litigation. In the absence of such, the Court concludes that the Meritor Defendants would be prejudiced by admission of the 2018 Supplemental Report.

Finally, because there is no trial date currently set, a continuance of discovery is technically available. But where, as here, "this matter has been ongoing for many years and all deadlines have already been subject to continuances," the fourth factor properly weighs in favor of exclusion. *Martin Energy Servs., LLC v. M/V Bourbon Petrel*, No. 14-2986, 2018 WL 4775067, at *4 (E.D. La. Oct. 3, 2018).

All considered, the Court concludes that the untimely disclosure of the 2018 Supplemental Report was not substantially justified or harmless. Exclusion, therefore, is required.

### III
### Conclusion

For the reasons above, the Meritor Defendants' motion to strike [929] is **GRANTED**.

8

**SO ORDERED**, this 28th day of September, 2020.

**/s/Debra M. Brown**
**UNITED STATES DISTRICT JUDGE**
